## JOSEPH R. BASSETT *vs.* JOHN H. BROWN & another.

A bill in equity to compel the repayment of money and reconveyance of land by one defendant to the plaintiff, and the discharge by the other defendant of a mortgage on the land, alleged that the first defendant by fraudulent representations induced the plaintiff to convey the land to him by a deed duly recorded, and to pay him the money for the purpose of causing an incumbrance on it to be discharged, and, after so obtaining the title, executed the mortgage to the other defendant, without consideration, for the purpose of protecting himself in his fraudulent possession of the land against the plaintiff. *Held*, on demurrer, that the plaintiff's remedy was plain, adequate and complete at common law.

BILL IN EQUITY alleging that the plaintiff, being desirous to sell two lots of land which he owned in Marblehead, entered into negotiations with the defendant Brown; that Brown pretended to be a broker, undertook to act as the plaintiff's agent in the matter, and soon afterwards represented to the plaintiff that he had found a purchaser in the person of a gentleman absent in Canada, who would pay the price in certain shares in mining companies; that Brown further represented that these shares were valuable and a fair consideration for the land, and recommended to the plaintiff to close the bargain, and said that, owing to the gentleman's absence, it would be necessary to take the deed of the land in his own name to hold for him, and the land must be free from all incumbrances; that the plaintiff accordingly conveyed the land to Brown by a deed duly recorded, and at the same time paid to him $1200 in money in order to discharge a mortgage on the land, which he agreed to pay and discharge, and in consideration for the conveyance received from him ten thousand nine hundred and fifty shares in the stock of the Buckingham Plumbago Mining Company, and other companies of similar names, and paid to him $150 for his services; that these shares were utterly worthless, which Brown well knew at the time; that all the sayings and doings of Brown were false and fraudulent, and designed to defraud the plaintiff of the land; and that Brown still was holding the title in the land, except that, for the purpose of protecting himself against the plaintiff, he had executed a mortgage of it, for the nominal sum of $6500,

to his brother-in-law, William R. Pedick, the other defendant, " which mortgage the plaintiff charges and believes is wholly without consideration and void." The prayer of the bill was for a decree to compel Brown to reconvey the land to the plaintiff, and pay back the $1200 and the $150, and account for and pay over the rents and profits of the land, and Pedick to discharge the mortgage made by Brown to him ; and for general relief. The defendants demurred, on the ground that the plaintiff's remedy was plain, adequate and complete at common law · and the case was reserved by *Gray,* J., on the bill and demurrer, for the determination of the full court.

*E. Ames & S. B. Ives, Jr.,* for the defendants.

*J. G. Abbott & I. S. Morse,* for the plaintiff.

Colt, J. The case stated by the plaintiff shows that he has a plain, adequate and complete remedy at law. A writ of entry will settle the title. Brown is in possession claiming title. A judgment in the plaintiff's favor will establish his title against Brown and Pedick, and those claiming under them by conveyance made after the commencement of the action. *Pratt* v. *Pond,* 5 Allen, 59. *Martin* v. *Graves,* Ib. 601.

In *Whittemore* v. *Cowell,* 7 Allen, 446, cited by the plaintiff, a bill in equity was indeed sustained upon demurrer, one object of which was to set aside a conveyance of land procured by fraud ; but in that case there was a mortgage given by the fraudulent grantee to a *bonâ fide* mortgagee who was made party to the suit, and the rights of all parties could only be ascertained and protected in a court of equity Here it is charged that the mortgage to Pedick was without consideration, made for the purpose of keeping the land out of the plaintiff's reach, and void. Nor does the plaintiff seek to compel a defendant to acknowledge satisfaction of a mortgage once valid. The equity jurisdiction of the court in such cases goes upon the ground that the mortgage is now or once was valid.

As to the money paid by the plaintiff to Brown to discharge an incumbrance on the land conveyed, it seems that the incumbrance was either created by the plaintiff, or was one which he was bound to remove, and which Brown undertook to pay fo

him with the money so furnished. If it has been appropriated by Brown wrongfully, then the remedy is at law for money had and received.

The provisions of the Gen. Sts. c. 113, § 2, giving jurisdiction in equity where there are two or more parties having distinct rights which cannot be adjusted in one action at law, have no application. This is not a case where a judgment between two of the parties having distinct interests would leave open to one or both a controversy with a third party, and requiring proceedings in the nature of a bill of interpleader, to adjust the whole matter in one decree. *Pool* v. *Lloyd*, 5 Met. 528.

*Demurrer sustained. Bill dismissed, without prejudice.*