## NATHAN ANGELL *vs.* ELLEN STONE and another.

This court has no jurisdiction under the Gen. Sts. *c.* 113, § 2, of a bill in equity, by one to whom a debt has been assigned as collateral security, brought against the assignor and the debtor, if the bill fails to allege the existence of any dispute between the plaintiff and the assignor.

BILL IN EQUITY against Ellen Stone and the Springfield Institution for Savings. The defendant demurred on the ground that the plaintiff had a plain and adequate remedy at law.

The case was reserved on bill and demurrer for the determination of the full court, and is stated in the opinion.

*T. P. Pingree & J. M. Barker*, for the defendant.

*A. J. Waterman*, for the plaintiff.

MORTON, J. This bill does not state a case within the equity jurisdiction of this court. The material allegations are that the plaintiff sold the defendant Stone personal property, for $400, to be paid within ten days; that Stone assigned to the plaintiff, as

collateral security, a debt of $500 due to her by the Springfield Institution for Savings, who were duly notified of such assignment; that Stone, though requested, has neglected to pay the said sum of $400; and that the Springfield Institution for Savings refuses to pay to the plaintiff the debt due by them to Stone, or any part thereof. These allegations do not show that the plaintiff has not a plain, adequate and complete remedy at law. It is well settled that an assignment of a chose in action gives the assignee a right to sue upon it in the name of the assignor for his own benefit. *Hart* v. *Western Railroad Co.* 13 Met. 99. *Riley* v. *Taber*, 9 Gray, 372. *Macomber* v. *Doane*, 2 Allen, 541. *Stevens* v. *Parker*, 3 Allen, 256.

The plaintiff therefore, by virtue of the assignment to him, has the right to bring a suit at law against the Springfield Institution for Savings, in the name of Stone, and there are no allegations in his bill to show that this would not furnish him an adequate and complete remedy. It is not alleged that Stone denies the assignment, or claims the funds in the hands of the Springfield Institution for Savings, or in any way objects to their paying them to the plaintiff, or that there is any controversy between Stone and the plaintiff.

The provision of the statute conferring jurisdiction in equity in " cases in which there are more than two parties having distinct rights or interests, which cannot be justly and definitely decided and adjusted in one action at the common law," does not apply. Gen. Sts. *c.* 113, § 2. That provision applies to a case in which a judgment between two of the parties having distinct interests, would leave open to one or both a controversy with a third party, and requiring proceedings in the nature of a bill of interpleader to adjust the whole matter in controversy in one decree. *Pool* v. *Lloyd*, 5 Met. 525. *Hale* v. *Cushman*, 6 Met. 425. *Bassett* v. *Brown*, 100 Mass. 355. As the bill stands it does not state such a case. *Demurrer sustained.*