LEONARD S. JONES *vs.* BENJAMIN B. NEWHALL.

Suffolk. March 27. — June 20, 1874. AMES & DEVENS, JJ., absent.

In this Commonwealth jurisdiction in equity can only be exercised when the parties have not a plain, adequate, and complete remedy at law.

If the only relief to which the plaintiff would be entitled in equity is the same in measure and kind as that which he might obtain in a suit at law, this court has not jurisdiction in equity, unless the remedy at law is doubtful, circuitous, or compli-
cated by multiplicity of parties having different interests.

Equity will not decree specific performance of a written contract of sale at the instance of the vendor when all that is to be done by the vendee is the payment of money, for which the vendor may maintain an action at law, after a tender of performance on his part.

BILL IN EQUITY to enforce specific performance of the following agreement signed and sealed by the parties thereto :

"This indenture, made this fourth day of December, A. D. 1872, by and between Leonard S. Jones, of Cambridge in the Commonwealth of Massachusetts, and Benjamin B. Newhall, of Boston in said Commonwealth, witnesseth,

"That said Jones agrees to sell, and said Newhall to purchase, first, all the right, title, share and interest of the said Jones to and in any and all property belonging to the Worthington Land Associates, together with one promissory note for ten thousand dollars, dated April 18, 1872, belonging to said Jones, and being one of five of even amount and date given by Samuel A. Wheelock and secured by mortgage on land conveyed by said associates to R. A. Ballou and others ; second, all the right, title, share and interest of said Jones to and in any and all property belonging to the Dorchester Land Association, the share of said Jones consisting of fourteen shares of the stock of said Dorchester Land Association, together with two mortgage notes of $3467.95 and $4743.36, respectively, given by Samuel A. Wheelock to said Benjamin B. Newhall.

" For which said property, said Newhall agrees to pay to said Jones the amount of all moneys invested by said Jones in said associations, interest on the same at seven per cent. per annum from the time of investment to the date hereof, and the additional sum of five thousand dollars as bonus. Said investments, interest, and bonus, amounting in all to thirty-four thousand one hundred and ninety-six $\frac{33}{100}$ dollars, payable as follows ; viz., ten per cent. of said sum, viz., 3419 $\frac{63}{100}$ dollars in cash, on the delivery of this agreement, and the balance in nine monthly payments, the first five of such payments to be 3755 $\frac{84}{100}$ dollars each, and to be made one in each of the first months of the year A. D. 1873, and the remaining four of said nine payments to be of 3000 dollars each, and to be made one in each of the months of June, July, August, and September of said year 1873, with interest on said payments at the rate of seven per cent. per annum. It is agreed, nevertheless, that if said Newhall shall elect to anticipate any of said payments, said Jones shall receive the same when offered.

" And it is further agreed, that of said first payment of ten per cent. of said whole amount, two thousand dollars shall be applied to the payment of the property second above described, and 1419 $\frac{63}{100}$ dollars shall be applied to the payment of said property first above described ; that the five of said monthly payments next ensuing shall be applied to the payment of said property first above described, and, together with said 1419 $\frac{63}{100}$ dollars, shall be deemed full payment therefor ; and when made, said Jones agrees to transfer, convey, and deliver to said Newhall or his heirs or assigns, all the property first above described, and execute and deliver to him or them all instruments of conveyance necessary or proper for the conveyance of said property ; that after said transfer or delivery, the property second above described shall be transferred, conveyed, and delivered to said Newhall or his heirs or assigns, in amounts of one thousand dollars or multiples thereof, as payments of like amounts shall then be made by said Newhall ; an amount of said property equal to said 2000 dollars of said first payment of ten per cent. being retained by said Jones until the final transfer ; and that all proper instruments of conveyance of the same shall be executed and delivered as is above provided in the case of the property first described.

" All increase arising in the mean time from the sale of either of said properties above described or otherwise, whether in cash mortgages, notes, or other securities, shall be held in trust by said Jones for said Newhall, and delivered, transferred, and conveyed to said Newhall, his heirs or assigns, at the times above provided for the final transfer of either of said properties respectively. And it is further agreed, that said Newhall shall hold said Jones harmless from all taxes or assessments of whatever kind or by whomsoever levied or assessed upon said property above described, whether now existing or hereafter created.

" Said Newhall is hereby empowered to appear at all meetings of the associations above named, vote, and otherwise take part in the transaction of business at said meetings, in the place and stead of said Jones, as fully as said Jones could do : and is hereby nominated and appointed the attorney of said Jones to that extent."

The bill alleged the execution of the above agreement, the transfer of the plaintiff's interest in the Worthington Land Association, and payment therefor ; that there remained due to the plaintiff from the defendant four of the monthly payments of three thousand dollars each mentioned in the agreement, with interest at seven per cent., together with the assessments that may be made on the Dorchester Land Association.

The bill also alleged readiness on the part of the plaintiff to perform his part of the contract and tender of performance, and refusal on the part of the defendant.

To this bill the defendant demurred on the ground that the plaintiff had a plain, adequate, and complete remedy at law. The demurrer was overruled, and the defendant appealed.

The case was then heard before *Ames*, J., who reported it to the full court in substance as follows : The defendant executed the contract set up in the bill. The interest of the plaintiff in the Worthington Land Association has been conveyed to the defendant and paid for by him. In regard to the Dorchester Land Association, one instalment of $3000 became due to the plaintiff under the contract, which the defendant refused to pay on demand, and also refused to pay an assessment then due or about to become due,

The plaintiff was permitted to testify, against the defendant's objection and exception, that his purpose in making said contract with the defendant was to effect a sale of his interest in the Dorchester Association property, and that the $5000 bonus or profit was entirely on account of the Worthington property.

It appeared also that the defendant had made payments on the Dorchester Land Association property, amounting to the sum of $4800, before the above mentioned instalment had become due.

It further appeared that the legal title to the land belonging to said association was in trustees, and that the plaintiff's interest therein was the right to receive a certain portion of the net proceeds of the sale of said land.

Upon these facts, the defendant insisted that the plaintiff was not entitled to relief in equity, on the ground that he had a full, adequate and complete remedy at common law.

The judge decided that the plaintiff was entitled to a decree according to the terms of his bill, and that a decree should be entered accordingly. From this decision the defendant appealed ; and the case is accordingly reported for the consideration of the full court, on said demurrer, and all the above questions of law and fact.

*R. D. Smith & A. E. Jones*, for the plaintiff.

*A. C. Clark*, for the defendant.

WELLS, J. Jurisdiction in equity is conferred upon this court by the Gen. Sts. *c.* 113, § 2, to hear and determine " suits for the specific performance of written contracts by and against either party to the contract, and his heirs, devisees, executors, administrators and assigns." The power extends alike to written contracts of all descriptions ; but its exercise is restricted by the proviso, " when the parties have not a plain, adequate and complete remedy at the common law." This proviso has always been so construed and applied as to make it a test, in each particular case, by which to determine whether jurisdiction in equity shall be entertained. If the only relief to which the plaintiff would be entitled in equity is the same in measure and kind as that which he might obtain in a suit at law, he can have no standing upon the equity side of the court ; unless his remedy at law is doubtful, circuitous, or complicated by multiplicity of parties having different interests. *Charles River Bridge* v. *Warren*

*Bridge*, 6 Pick. 376, 396.  *Sears* v. *Boston*, 16 Pick. 357.  *Wilson* v. *Leishman*, 12 Met. 316, 321.  *Hilliard* v. *Allen*, 4 Cush. 532, 535.  *Pratt* v. *Pond*, 5 Allen, 59.  *Glass* v. *Hulbert*, 102 Mass. 24, 27.  *Ward* v. *Peck*, 114 Mass.

In contracts for the sale of personal property jurisdiction in equity is rarely entertained, although the only remedy at law may be the recovery of damages, the measure of which is the difference between the market value of the property at the time of the breach, and the price as fixed by the contract.  The reason is, that, in regard to most articles of personal property, the commodity and its market value are supposed to be substantially equivalent, each to the other, so that they may be readily interchanged.  The seller may convert his rejected goods into money ; the purchaser, with his money, may obtain similar goods ; each presumably at the market price ; and the difference between that and the contract price, recoverable at law, will be full indemnity. *Jones* v. *Boston Mill Corporation*, 4 Pick. 507, 511.  *Adderley* v. *Dixon*, 1 Sim. & Stu. 607.  *Harnett* v. *Yeilding*, 2 Sch. & Lef. 548, 553.  Adams Eq. 83.  Fry Spec. Perf. §§ 12, 29.

It is otherwise with fixed property like real estate.  Compensation in damages, measured by the difference in price as ascertained by the market value, and by the contract, has never been regarded in equity as such adequate indemnity for non-fulfilment of a contract for the sale or purchase of land, as to justify the refusal of relief in equity.  When that is the extent of the right to recover at law, a bill in equity is maintainable, even in favor of the vendor, to enforce fulfilment of the contract and payment of the full amount of the price agreed on.  *Old Colony Railroad* v. *Evans*, 6 Gray, 25.

Although the general subject is within the chancery jurisdiction of the court, yet inadequacy of the damages recoverable at law is essential to the right to invoke its action as a court of chancery in any particular case.  The rule is the same whether applied to contracts for the sale of real or of personal estate. The difference in the application arises from the difference in the character of the subject matter of the contracts in respect to the question whether damages at law will afford full and adequate indemnity to the party seeking relief.  If the character of the property be such that the loss of the contract will not be fairly

compensated in damages based upon an estimate of its market value, relief may be had in equity, whether it relates to real or to personal estate. *Adderley* v. *Dixon*, 1 Sim. & Stu. 607. *Duncuft* v. *Albrecht*, 12 Sim. 189, 199. *Clark* v. *Flint*, 22 Pick. 231. Story Eq. Jur. § 717. Adams Eq. 83. Fry Spec. Perf. §§ 11, 23, 30, 37.

The property in question in this case appears to be of such a character. It is not material, therefore, whether the interest of the plaintiff is in the nature of realty or of personalty. But the relief he seeks is not such as to require the aid of a court of equity. At the time this bill was filed the only obligation, on the part of the defendant, to be enforced either at law or in equity, was his express promise to pay a definite sum of money as an instalment towards the purchase of certain property from the plaintiff. That promise is supported by the executory agreement of the plaintiff to convey the property, contained in the same instrument, as its consideration ; but in respect of performance the several promises of the defendant are separable from the entirety of the contract, and each one may be enforced by itself as an assumpsit. The plaintiff is not obliged to sue in damages upon his contract as for a general breach. He may recover at law the full amount of the instalment due. In equity he can have no decree beyond that. He cannot come into equity to obtain precisely what he can have at law. *Howe* v. *Nickerson*, 14 Allen, 400, 406. *Jacobs* v. *Peterborough & Shirley Railroad*, 8 Cush. 223. *Gill* v. *Bicknell*, 2 Cush. 355. *Russell* v. *Clark*, 7 Cranch, 69.

The plaintiff has no occasion for any order of the court in regard to performance by himself. At most, all that is necessary for him to do in order to recover his judgment at law, is to offer a conveyance of a portion of his interest corresponding to the amount of the instalment due.

We do not regard the fact, stated in the report, that the defendant " also refused to pay an assessment then due, or about to become due," for which he was bound by the contract to provide, and hold the plaintiff harmless ; because that is immaterial upon demurrer, there being no allegation in the bill in reference to it. And besides, there would be sufficient remedy at law for such a breach, if it were sufficiently alleged and proved.

If the plaintiff will be compelled to bring several actions for his full remedy at law, it is because he has a contract payable in instalments; that is, he may have several causes of action. But he may sue them severally, or he may join them all in one suit, when all shall have fallen due, at his own election. He is not driven into equity to escape the necessity of many suits at law.

It is true, as the plaintiff insists, that a different rule exists in the English courts of chancery; and that in numerous cases, not unlike the present, relief in equity has there been granted by decree for payment of a sum of money due by contract, although equally recoverable at law. The maxim which, as we apply it, makes the want of adequate remedy at law essential to the right to have relief in equity in each case, has always been attached to chancery jurisdiction. But in the English courts it has been rather by way of indicating the nature and origin of the jurisdiction, and defining the class of rights or subjects to which it attaches, than as a constant limit upon its exercise. Courts of chancery were created to supply defects in proceedings at common law. Story Eq. Jur. §§ 49, 54. Their jurisdiction grew out of the exigencies of the earlier periods in the judicial history of the country, and was from time to time enlarged to meet those exigencies. Its limits, having become defined and fixed by usage, have not contracted as the jurisdiction of the common law courts was extended. It has always been held that jurisdiction once acquired in chancery, over any subject or class of rights, is not taken away by any subsequent enlargement of the powers of the courts of common law, nor by reason of any new modes of remedy that may be afforded by those courts. Story Eq. Jur. § 64 *i.* Snell Eq. 335. *Slim* v. *Croucher*, 1 De G., F. & J. 518.

Hence arose a wide range of concurrent jurisdiction, within which chancery proceeded to administer appropriate remedies, without regard to the question whether a like remedy could be had in the courts of law. *Colt* v. *Woollaston*, 2 P. Wms. 154. *Green* v. *Barrett*, 1 Sim. 45. *Blain* v. *Agar*, 2 Sim. 289. *Cridland* v. *De Mauley*, 1 De G. & S. 459. *Evans* v. *Bicknell*, 6 Ves. 174. *Burrowes* v. *Lock*, 10 Ves. 470. One of its maxims was that there must be mutuality of right to avail of that jurisdiction. Accordingly, if the contract or cause of complaint was

such that one of the parties might require the peculiar relief which chancery alone could afford, it was frequently held that the principle of mutuality required that jurisdiction should be equally maintained in favor of the other party, who sought and could have no other relief than recovery of the same amount of money due or measure of damages as would have been awarded by judgment in a court of law. *Hall* v. *Warren*, 9 Ves. 605. *Walker* v. *Eastern Counties Railway*, 6 Hare, 594. *Kenney* v. *Wexham*, 6 Mad. 355.

In contracts respecting land there is an additional consideration for maintaining jurisdiction in equity in favor of the vendor as well as the vendee, which is doubtless much more influential with the English courts than it can be here; and that is the doctrine of equitable conversion. It is referred to as a reason for the exercise of jurisdiction at the suit of the vendor, in *Cave* v. *Cave*, 2 Eden, 139. *Eastern Counties Railway* v. *Hawkes*, 5 H. L. Cas. 331. Fry Spec. Perf. § 23.

In Massachusetts, instead of a distinct and independent Court of Chancery, with a jurisdiction derived from, and defined and fixed by long usage, we have certain chancery powers conferred upon a court of common law; whose jurisdiction and modes of remedy, as a court of law, had already become extended much beyond those of the English courts of common law, partly by statutes and partly by its own adaptation of its remedies to the necessities which arose from the absence of a Court of Chancery. This difference in the relations of the two jurisdictions would alone give occasion for different rules governing their exercise. *Black* v. *Black*, 4 Pick. 234, 238. *Tirrell* v. *Merrill*, 17 Mass. 117, 121. *Baker* v. *Biddle*, Baldw. 394.

The successive statutes by which the equity powers of this court have been conferred or enlarged have always affixed to their exercise the condition that " the parties have not a plain, adequate and complete remedy at the common law." This has been construed as referring " to remedies at law as they exist under our statutes and according to our course of practice." *Pratt* v. *Pond*, 5 Allen, 59. It has also been repeatedly held that, in reference to the range of jurisdiction conferred, the several statutes were to be construed strictly. *Black* v. *Black*, and *Charles River Bridge* v. *Warren Bridge, ubi supra.*

No reason or necessity remains for the maintenance of concur‐ rent jurisdiction, except for the sake of a more perfect remedy in equity when the plaintiff shall establish his right to it.   And such we understand to be the purport and intent of our statutes upon the subject.   *Milkman* v. *Ordway*, 106 Mass. 232.   *Angell* v. *Stone*, 110 Mass. 54.

A similar restriction upon the equity jurisdiction of the fed‐ eral courts is so construed with great strictness.   *Oelrichs* v. *Spain*, 15 Wall. 211, 228.   *Grand Chute* v. *Winegar*, Ib. 373. *Insurance Co.* v. *Bailey*, 13 Ib. 616.   *Parker* v. *Winnipiseogee Lake Cotton & Woollen Co.* 2 Black, 545.   *Baker* v. *Biddle*, Baldw. 394.   See also *Woodman* v. *Freeman*, 25 Maine, 531 ; *Pis‐ cataqua Ins. Co.* v. *Hill*, 60 Maine, 178.

Even in courts of general chancery powers and of independent organization, while the power to entertain bills relating to all matters which, in their nature, are within their concurrent juris‐ diction, is maintained, yet the usual course of practice is to remit parties to their remedy at law, provided that be plain and ade‐ quate, unless for some reason of peculiar advantage which equity is supposed to possess, or some other cause influencing the dis‐ cretion of the court.   Kerr on Fraud & Mistake, 45.   Bispham Eq. § 200; also § 37.   Snell Eq. 334.   *Clifford* v. *Brooke*, 13 Ves. 131.   *Whitmore* v. *Mackeson*, 16 Beav. 126.   *Hammond* v. *Messenger*, 9 Sim. 327.   *Hoare* v. *Bremridge*, L. R. 14 Eq. 522; *S. C.* L. R. 8 Ch. 22.

The doctrine of *Colt* v. *Woollaston*, 2 P. Wms. 154, and *Green* v. *Barrett*, 1 Sim. 45, though not expressly overruled, has been questioned, (*Thompson* v. *Barclay*, 9 Law J. Ch. 215, 219,) and does not seem to govern the usual practice of the courts.   See cases above cited, and *Newham* v. *May*, 13 Price, 749.

But, independently of statute restrictions, the objection that the plaintiff may have a sufficient remedy or defence at law in the particular case is a matter of equitable discretion rather than of jurisdictional right ; and is therefore not always available on demurrer.   *Colt* v. *Nettervill*, 2 P. Wms. 304.   *Ramshire* v. *Bolton*, L. R. 8 Eq. 294.   *Hill* v. *Lane*, L. R. 11 Eq. 215.   *Barry* v. *Croskey*, 2 Johns. & Hem. 1.

According to the practice in this Commonwealth, on the other hand, under the statutes relating to the exercise of jurisdiction in

equity, a bill is demurrable, not only if it show that the plaintiff has a remedy at law, equally sufficient and available, but also if it fail to show that he is without such remedy. *Pool* v. *Lloyd,* 5 Met. 525, 529. *Woodman* v. *Saltonstall,* 7 Cush. 181. *Pratt* v. *Pond,* 5 Allen, 59. *Clark* v. *Jones,* 5 Allen, 379. *Metcalf* v. *Cady,* 8 Allen, 587. *Mill River Loan Fund Association* v. *Claflin,* 9 Allen, 101. *Commonwealth* v. *Smith,* 10 Allen, 448. *Bassett* v. *Brown,* 100 Mass. 355. *Same* v. *Same,* 105 Mass. 551, 560. The demurrer therefore must be sustained, and the

*Bill dismissed.*