DAVID N. BIRD and others, in equity,

*vs.*

FREEMAN C. HALL and others, and trustee.

Sagadahoc.    Opinion December 20, 1881.

*Equity.   Shipping.   Master sailing on shares.*

A bill in equity by the owners of a vessel against the master who had taken her on shares cannot be maintained when no discovery is sought for and the prayer is to render an account of her earnings.

The plaintiffs in such case have an ample remedy at law.

On demurrer to bill in equity.

The plaintiffs were the owners of the schooner Sarah F. Bird, and the bill alleges that Freeman C. Hall was master of the schooner and sailed her on shares from February 21, 1878, to June 14, 1880, and has never come to a final account and adjustment of the affairs of the vessel during that time with the owners, and they "pray that the defendants may be required to make a full and true answer to this bill, that a just and true account of the earnings and disbursements and freights and of all the business of said schooner between said Freeman C. Hall, master as aforesaid, and the owners aforesaid, may be taken under the order of the court and that the court will decree and order that the said Freeman C. Hall shall pay to the plaintiffs such sums as shall be found justly due to each of them, (the plaintiffs hereby offering and being always ready to pay such sums, if any, as shall be due from them to said Freeman C. Hall, as master sailing said schooner as aforesaid,) and that the plaintiffs may have such other and further relief as to justice and equity may appertain."

*C. E. Littefield,* for the plaintiffs.

This court has now full equity jurisdiction.   Stat. 1874, c. 175.

It is not contended that prior to the enactment of that statute this court would have jurisdiction in equity in a case like the one at bar.

"Cases of account between trustees and *cestui que trust*, may properly be deemed confidential agencies and are peculiarly within the appropriate jurisdiction of courts of equity."

"Cases of account between tenents in common, between joint tenants, between partners, part owners of ships and between owners of ships and the master, fall under like considerations." Story's Eq. Jur. § § 443-449.

The remedy in equity is more compete and adequate than it can be at law. *Idem*, § § 67, 450, 451, 458; *Miller* v. *Lord*, 11 Pick. 25; *Baker* v. *Riddle*, Baldwin, 394.

The owners and the master were partners as to the earnings. *Musier* v. *Trumpbour*, 5 Wend. 274; *Everitt* v. *Chapman*, 6 Conn. 347; *Loomis* v. *Marshall*, 12 Conn. 86; Pars. Partnership, 47, 569; *Fail* v. *McRee*, 36 Ala. 61; 17 Wis. 140, 320; Story, Partnership, 42; *Merritt* v. *Walsh*, 32 N. Y. 689; 1 Pars. Ship. and Ad. 92; Abb. Shipping, 111, 115; see *Jarvis* v. *Noyes*, 45 Maine, 106; *Crooker* v. *Rogers*, 58 Maine, 342; *Miller* v. *Lord*, 11 Pick. 26.

*A. P. Gould*, for the defendants, cited: *Thompson* v. *Snow*, 4 Maine, 264; *Bridges* v. *Sprague*, 57 Maine, 543; *Jones* v. *Newhall*, 115 Mass. 244; *Black* v. *Black*, 4 Pick. 234; *Charles River Bridge* v. *Warren Bridge*, 6 Pick. 376; *Oelrichs* v. *Spain*, 15 Wall. 211; *Grand Chute* v. *Winegar*, 15 Wall. 373; *Ins. Co.* v. *Bailey*, 13 Wall. 616; *Parker* v. *W. C. and W. Co.* 2 Black, 545; *Woodbury* v. *Brazier*, 48 Maine, 302; *Hall* v. *Gray*, 54 Maine, 230; *Bridges* v. *Sprague*, 57 Maine, 543; *Call* v. *Perkins*, 55 Maine, 517; *Mustard* v. *Robinson*, 52 Maine, 54; *Dinwiddie* v. *Bailey*, 6 Ves. Jr. 136; 1 Danl. Ch. 610 (note 1, 2); *Pool* v. *Loyd*, 5 Met. 525; *Woodman* v. *Saltonstall*, 7 Cush. 181; *Pratt* v. *Pond*, 5 Allen, 59; *Clark* v. *Jones*, 5 Allen, 379; *Metcalf* v. *Cady*, 8 Allen, 587; *Mill River L. F. Ass.* v. *Claflin*, 9 Allen, 101; *Com.* v. *Smith*, 10 Allen, 448; *Bassett* v. *Brown*, 100 Mass. 355; *Bassett* v. *Brown*, 105 Mass. 551; *Blood* v. *Blood*, 110 Mass. 545; *Carter* v. *Bailey*, 64 Maine, 458.

APPLETON, C. J.    This is a bill in equity by the owners of a vessel against the master who had taken her on shares. The prayer is

that he render an account of her earnings. No discovery is sought for.

It is provided by R. S., c. 77, § 5, that jurisdiction in equity is conferred on this court between part owners of vessels, but the master is not alleged to be a part owner. The statute therefore does not apply in a case where the master is not a part owner.

When the vessel is let on shares, the master having control, he is to be regarded as the owner for the time being. There is no partnership between him and the owners of the vessel. *Thompson* v. *Snow*, 4 Greenl. 265 ; *Cutler* v. *Winsor*, 6 Pick. 335 ; *Winsor* v. *Cutts*, 7 Greenl. 261 ; *Somes* v. *White*, 65 Maine, 543 ; *Bonzey* v. *Hodgkins*, 55 Maine, 98. A bill cannot be maintained against the defendant as a partner.

The plaintiffs may maintain an action of account. *Hardy* v. *Sprowl*, 33 Maine, 508 ; *Closson* v. *Means*, 40 Maine, 337 ; *Jarvis* v. *Noyes*, 45 Maine, 106.

The plaintiffs by the contract are to receive a definite share of the earnings of the vessel as compensation for its use instead of a fixed and definite sum. If the sum is definitely fixed an action of assumpsit could be maintained for the sum agreed upon by the parties. When the compensation is a definite proportion of the earnings no reason is perceived why the same form of action may not be adopted to recover the amount due, as in *Hall* v. *Gray*, 54 Maine, 230, where, however, the plaintiffs failed in consequence of a release given by one of their number. The ship owners must look to the master for his performance of his part of the contract with them. *Bridges* v. *Sprague*, 57 Maine, 543.

The plaintiffs have an ample remedy at law. "A bill is demurrable, not only if it show that the plaintiff has a remedy at law, equally sufficient and available, but also if it fail to show that he is without such remedy." *Jones* v. *Newhall*, 115 Mass. 244. Nothing here shows that the rights of the parties cannot be determined at law. No discovery is prayed for. *Blood* v. *Blood*, 110 Mass. 547.

*Bill dismissed with costs.*

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.