THIRD NATIONAL BANK OF BOSTON *vs.* SKILLINGS, WHITNEYS & BARNES LUMBER COMPANY & another.

Suffolk. Jan. 18. — March 4, 1882. LORD, FIELD & C. ALLEN, JJ., absent.

A bill of interpleader will not lie by a debtor against his creditor and a third person, who claims the debt, not through any privity with the creditor, but by a title paramount and adverse to his.

MORTON, C. J. This is a bill of interpleader, the substantial allegations of which are that Edward Babson, Jr. delivered a draft upon New York to the plaintiff bank for collection ; that it collected the draft and placed the amount to the credit of said Babson, who had an open account with the bank; that the Skillings, Whitneys & Barnes Lumber Company contends that said draft was held by Babson as its agent, and was its property, and that the proceeds belong to it; and that the executrix of said Babson, who has deceased, contends that the proceeds belong to his estate.

We are of opinion that this does not present a proper case for a bill of interpleader.

There is no privity between the plaintiff and the Skillings, Whitneys & Barnes Lumber Company. That corporation does not claim the fund in the hands of the plaintiff through any privity with Babson, but by a title paramount and adverse to his. The bank is not a mere stakeholder, but is the debtor of Babson, standing in privity with him alone. *Carr* v. *National Security Bank*, 107 Mass. 45.

The authorities support the rule that in such a case a bill of interpleader will not lie, but the remedy of the parties is at law. Such bill will lie only when two parties claim of a third the same duty or debt by virtue of some privity existing between them.

Thus, if a person deposit property or money in the hands of another, not as a stakeholder for both parties, but as his agent or bailee, and the property is claimed by a third person under an independent title, the agent or bailee cannot maintain a bill of interpleader. 2 Story Eq. Jur. §§ 816, 817, and cases cited.

So where a tenant is liable to pay rent, and a third person claims it by a title independent of the landlord, the tenant cannot maintain a bill of interpleader. But if the third person claims under the landlord, so that the question arises from the act of the landlord, this creates a privity with the tenant, and the bill will lie. *Dungey* v. *Angove*, 2 Ves. Jr. 304. *Cowtan* v. *Williams*, 9 Ves. 107. *Clarke* v. *Byne*, 13 Ves. 383.

So a sheriff, who has seized property upon execution, cannot maintain a bill of interpleader to determine whether the execution debtor or a third person claiming it is entitled to the property, as their claims against him are not of the same character or in the same right. *Shaw* v. *Coster*, 8 Paige, 339.

Mr. Justice Story, in his Commentaries on Equity Jurisprudence, after reviewing the authorities, says: " The true doctrine, supported by the authorities, would seem to be, that, in cases of adverse independent titles, the party holding the property must defend himself as well as he can at law; and he is not entitled to the assistance of a court of equity; for that would be to assume the right to try merely legal titles upon a controversy between different parties, where there is no privity of contract between them and the third person who calls for an interpleader." 2 Story Eq. Jur. § 820.

This rule is applicable in the case at bar. The only relation of the plaintiff to the defendants is that it is the debtor of one of them. A debtor cannot deprive his creditor of his remedies at law, and force him into equity, merely because a third person claims the fund or debt by a title not derived from the creditor. His remedy is at law, and it would seem that, if either of the

claimants should sue him, he could protect himself by notifying the other claimant to come in and defend the suit; and that he, being the real party in interest, would be bound by the judgment.

The plaintiff contends that this bill may be maintained under the Gen. Sts. c. 113, § 2, cl. 6. But this statute does not apply. It was not intended to enlarge the right to bring a bill of interpleader strictly so called, but to enable a party to a controversy to bring a bill in the nature of a bill of interpleader, to adjust the whole matter in controversy in a case where a judgment at law between two of the parties would leave open to one or both a controversy with a third party. *Angell* v. *Stone*, 110 Mass. 54. *McNeil* v. *Ames*, 120 Mass. 481.        *Bill dismissed.*

*M. Williams & C. A. Williams,* for the plaintiff.

*W. B. Durant,* for the defendant corporation.

*T. M. Babson,* for the executrix of Babson.