FRANK B. DOLE & others *vs.* JOHN WOOLDREDGE.

Suffolk.   March 28. — May 19, 1883.   FIELD & DEVENS, JJ., absent.

If several persons associate themselves together with A. for the purchase of a mine, with a view to the profit to be made from it by organizing a corporation to work it, which corporation is subsequently organized, they may maintain a bill in equity against A. for an account of his dealings in the purchase of the mine for their common benefit, he having deceived them as to the sum paid for the mine.

COLBURN, J.   According to the allegations in this bill in equity, the plaintiffs, who were associated with the defendant for the purchase of a mine, for their common benefit, with a view to the profit to be made from it by organizing a corporation to work it, were grossly deceived and defrauded by the defendant, who stood in a fiduciary relation to them, in his representations of the sum paid for the mine; and they seek for an account from the defendant of his dealings in the purchase of the mine for the common benefit, and to have the matter so

adjusted that each shall have contributed the sums mutually agreed upon. The defendant demurred to the bill, on the ground that the plaintiffs have a plain, complete and adequate remedy at common law.

Whether the parties were partners is not entirely clear. In *Holmes* v. *Higgins*, 1 B. & C. 74, and *Lucas* v. *Beach*, 1 Man & G. 417, it was held that persons associated for the purpose of procuring an act of incorporation and subscribing for the stock, were partners. But the authority of these cases upon this point has been questioned, and persons so associated appear not to be regarded as partners, in England, at the present time, for the reason that the contract is not one of partnership, but an agreement to enter into such a contract. The whole matter is discussed in 1 Lindley on Part. (4th ed.) 31, 32. Mr. Lindley says, " If the court had likened the case to one of partnership, instead of saying that the plaintiff and the defendants were partners, there would be no room for criticism." These cases are, however, still regarded as authority upon the question decided, that one of the persons so associated cannot maintain an action at law against the others for services rendered for the benefit of the association under an implied contract.

In the case at bar, there is an element which did not exist in the cases above referred to. In this case the mine had been purchased and paid for, and was held in trust for the common benefit of all the parties in the enterprise before the corporation was organized. If, instead of organizing the corporation, the parties had gone on and worked the mine, they would undoubtedly have been partners; and while they held the mine with a view of working it for the common benefit, though by organizing a corporation, it is at least not clear that they were not partners.

All the fraudulent representations are alleged to have been made to the whole company, and not to the parties separately and individually ; and if an action at law could be maintained, it is not plain whether the plaintiffs should join in the action, or whether each should bring an action to recover the damages he sustained by the fraud.

We have no doubt that, since the passage of the St. of 1877, *c.* 178, §§ 1, 2, this court has jurisdiction in equity of this case ; and, without determining absolutely that the plaintiffs

have no remedy at law, we are of opinion that their remedy at law is not so plain that we ought to deny them relief in equity, and have decided to entertain the bill.

*Demurrer overruled.*

*A. A. Ranney & F. A. Dearborn*, for the defendant.
*S. B. Ives, Jr. & J. A. Gillis*, for the plaintiffs.