MARGARETTA B. PORTER.

*vs.*

FRENCHMAN'S BAY AND MT. DESERT LAND AND WATER CO.

Hancock. Opinion January 15, 1892.

*Equity. Specific performance. Pleading. R. S., c. 77, § 6, cl. III.*

The Supreme Judicial Court has jurisdiction, in a proper case, in equity to decree upon a bill by the vendor specific performance of a contract in writing for the purchase of land; but does not take jurisdiction in equity, when the plaintiff has a plain, adequate and complete remedy at law.

To give the court jurisdiction in equity, it must appear by the allegations in the plaintiff's bill that his remedy at law is not plain, adequate and complete.

ON REPORT.

Bill in equity, heard on bill and demurrer, by a vendor seeking to enforce specific performance, against his vendee, of a written contract for the purchase of real estate. The bill alleged a tender of the deed, and all other acts required of the vendor, under the contract, and concludes thus : "but the said defendant then and there refused to accept a conveyance of said premises, or to pay to the plaintiff said one thousand dollars according to the terms and conditions of said [written] instrument."

"The said plaintiff is still seized in fee of said premises and is still in possession as owner thereof, and is ready, as she has been at all times since said fourth day of April, and will continue to be, to transfer said premises to said defendant and to receive therefor said one thousand dollars."

"Wherefore, the plaintiff prays specific performance of the said agreement hereinbefore referred to in Par. I, and that the defendant may be decreed to do and to perform all necessary acts for enabling it to perform its part of said agreement by paying to said plaintiff the said sum of one thousand dollars upon tender by the plaintiff of a good and sufficient deed of said premises which the plaintiff will always be ready to make."

The following causes of demurrer were assigned : "said bill of complaint contains no allegation that said defendant corporation is capable and has the ability of being made to comply with the requirements of a decree granting such relief as is therein asked for, . . . it doth not appear by said bill of complaint that a full and adequate remedy doth not exist through ordinary courts of law."

*Deasy and Higgins*, for plaintiff.

Defendant's financial ability to comply with a decree of specific performance cannot affect its legal or equitable liability. When a contract is in writing, is certain, is fair, in all its parts, is for an adequate consideration, and is capable of being performed, it is as much a matter of course for courts of equity to decree a specific performance, as for a court of law to give

damages for a breach thereof. *Chance* v. *Beall*, 20 Geo. 142 ; *Rogers* v. *Saunders*, 16 Maine, 92 ; *Hopper* v. *Hopper*, 16 N. J. Eq. 147 ; *Hull* v. *Sturdivant*, 46 Maine, 34. Counsel also cited : Bisp. Eq. 4 ed. § 364 ; *Richter* v. *Selin*, 8 Serg. & R. 425 ; *Kerr* v. *Day*, 2 Harris (Pa.), 114 ; *Brewer* v. *Fleming*, 1 P. F. Sm. 113 ; *Napier* v. *Darlington*, 20 *Id.* 64 ; *Finley* v. *Aiken*, 1 Grant's cases (Pa.), 83 ; *Malin* v. *Malin*, 1 Wend. 625 ; *McKechnie* v. *Sterling*, 48 Barb. 330 ; *Hall* v. *Smith*, 14 Ves. 426 ; *Old Colony R. R.* v. *Evans*, 6 Gray, 25 ; *Schroppel* v. *Hopper*, 40 Barb. (N. Y.) 25 ; *Story's Equity*, § 723 note ; *Salisbury* v. *Bigelow*, 20 Pick. 174 ; *Haven* v. *Lowell*, 5 Met. 35 ; *Hilliard* v. *Allen*, 4 Cush. 532 ; *Cathcart* v. *Robinson*, 5 Pet. 278.

A vendor of land may come into a court of equity to compel specific performance of a contract of sale, although he may have a remedy at law by an action for the purchase money. *Phyfe* v. *Wardell*, 5 Pai. 268 ; *Springs* v. *Saunders*, Phill. (N. C.) Eq. 67 ; *Finley* v. *Aiken*, 1 Grant's cases (Pa.) 83 ; *Lamson* v. *Burt*, 4 W. & S. 27 ; *Brown* v. *Haff*, 5 Pai. 240 ; R. S., c. 77, § 6, cl. III.

*Hale and Hamlin*, for defendant.

The plaintiff may recover at law and cannot come into equity to obtain exactly and precisely what he can have at law. *Howe* v. *Nickerson*, 14 Allen, 400, 406 ; *Jacobs* v. *P. & S. R. R.* 8 Cush. 223 ; *Gill* v. *Bicknell*, 2 Cush. 355 ; *Russell* v. *Clark*, 7 Cranch, 69 ; *Jones* v. *Newhall*, 115 Mass. 244, 249.

Most of the cases in Massachusetts where such decrees have been rendered will be found to be cases where trusts or other subjects of equitable jurisdiction have been involved or else the question of jurisdiction is not raised. *Jones* v. *Newhall, supra* ; Myer's Fed. Dec. Vol. 15, § 1196.

The tendency of this court by recent decisions is to hold to a limited jurisdiction, the burden being on the plaintiff to show he is without legal remedy. *White* v. *Dresden*, 70 Maine, 317 ; *Caleb* v. *Hearn*, 72 *Id.* 231 ; *Bird* v. *Hall*, 73 *Id.* 73 ; *Robinson* v. *Robinson, Id.* 170 ; *Titcomb* v. *McAllister*, 77 *Id.*

353, 358 ; *Messer* v. *Storer*, 79 *Id.* 512 ; *Dennison, &c. Co.* v. *Robinson & Co.* 74 *Id.* 116.

Defendant, in any event, could not perform contract unless it had property, means, capability and ability to carry out the trade. If necessary to make allegations upon these points the plaintiff has not done so. 3 Pom. Eq. § 1405.

LIBBEY, J. Bill in equity, praying for decree for a specific performance of a contract in writing, made by the defendant with the plaintiff for the purchase of a lot of land in the village of Sorrento.

It comes before this court on a demurrer to the bill by the defendant, and the question to be determined is whether upon the allegations in the bill this court has jurisdiction in equity to decree a specific performance. We think it clear that in a proper case the court has jurisdiction to decree specific performance of a contract in writing for the conveyance of land, in a bill brought by the vendor or by the vendee. R. S., § 6, c. 77, clause III. But the court in this State does not take jurisdiction in equity when the plaintiff has a plain, adequate and complete remedy in an action at law. *Milliken* v. *Dockray*, 80 Maine, 82 ; *Bachelder* v. *Bean*, 76 Maine, 370 ; *Alley* v. *Chase*, 83 Maine, 537.

And we think it must appear by the allegations in the bill, where an action at law may be maintained, that the remedy by it is not plain, adequate and complete ; for it is a well established rule of equity pleading that the bill must contain allega-tions showing that the court has equity jurisdiction. Story's Equity Pleadings, § § 10 and 34. *Jones* v. *Newhall*, 115 Mass. 244, pp. 252, 253.

In this case, we think it perfectly clear that the plaintiff has a right to maintain an action at law for a breach of the contract. That being so, to show jurisdiction in equity, there should be some allegations in the bill showing that the remedy at law would not be adequate and complete. There is nothing of the kind in this bill. After setting out the contract, it alleges that the plaintiff was in possession of the land and has continued to be in possession of the land to the time of the filing of the bill ;

no allegation that her action in regard to the land was in any way changed by the making of the contract; no allegation that anything had been done by either party in consequence of the making of the contract which could not be taken into consideration in the assessment of the plaintiff's damages.

*Demurrer sustained.   Bill dismissed with costs.*

PETERS, C. J., WALTON, VIRGIN, EMERY and WHITEHOUSE, JJ., concurred.