GERMAN P. NOYES *vs.* JOHN W. BRAGG & another.

Franklin.    October 9, 1914. — January 8, 1915.

Present: RUGG, C. J., LORING, DE COURCY, & CROSBY, JJ.

*Equity Jurisdiction,* Specific performance.   *Contract,* Performance and breach.
   *Frauds, Statute of.   Equity Pleading and Practice,* Bill, Parties, Motion to
   dismiss, Decree, Appeal.   *Interest.*

It is no defence to a bill to enforce the specific performance of a contract to con-
   vey real estate that the plaintiff might recover damages at law for the defend-
   ant's breach of his contract.

In a suit in equity to enforce the performance of a contract in writing to convey to
   the plaintiff certain real estate upon the payment by the plaintiff of the pur-
   chase money in full by monthly instalments as provided for in the contract, if
   the plaintiff shows that up to a certain time he had made all the payments re-
   quired and that he tendered to the defendant the amount of an instalment then
   due, whereupon the defendant refused to receive the payment of the instalment
   and conveyed the real estate to a third person, this gives the plaintiff the right
   to a decree for specific performance without showing that he went through the
   nugatory act of making any further tender to the defendant.

In a bill in equity to compel the specific performance of a contract to convey real
   estate, it is not necessary to set forth any special reason why the plaintiff is
   entitled to relief in equity.

Because it here was found as an inference of fact that the "Leonard Farm" in
   Greenfield, which was described fully in an agreement in writing made in 1909,
   was the same property referred to as the "Leonard Place" in another contract
   in writing made between the same parties in 1913 to convey that property, it
   followed that there was a contract or memorandum in writing sufficient to
   satisfy the statute of frauds in a suit in equity to enforce the performance of
   the contract to convey the property.

A motion to dismiss a bill in equity is not the proper way to take the objection
   that necessary parties have not been joined as defendants.

In a suit to enforce the specific performance of a contract to convey to the plaintiff
   certain real estate of which the plaintiff has been in possession under the con-
   tract, where it appears that the plaintiff is entitled to a deed conveying to him
   a good title to the real estate in question subject to the rights of a telephone
   company that were acquired after the making of the contract and for which
   the plaintiff had accepted payment, a decree that orders the defendant to con-
   vey the property to the plaintiff by a warranty deed is in that respect erroneous.

In a suit in equity to enforce the specific performance of a contract in writing to
   convey certain real estate to the plaintiff for $1,100 "with interest from date"
   the plaintiff to pay $25 in each month until the price is paid in full and to pay
   insurance and taxes, a decree ordering the defendant to deliver a deed of
   the property to the plaintiff on payment by the plaintiff of the full amount of the
   purchase money, with interest at the rate of six per cent per annum from the

date of the agreement until the date of the filing of the bill, is not fair to the defendant, who is entitled to interest at six per cent per annum upon the purchase money until it is paid in full by monthly instalments of $25 and not merely to interest at that rate to the date of the bringing of the suit.

In a suit in equity to enforce the specific performance of a contract to convey certain real estate to the plaintiff, where a decree ordering a conveyance of the property to the plaintiff is defective in failing to require the defendant to insert in the deed a full description of the property as described in a previous agreement between the parties, and the defendant appeals from the decree but the plaintiff does not appeal, the decree will not be changed in this respect for the benefit of the plaintiff who has not complained of it.

LORING, J. This case comes up on an appeal from a final decree entered on a master's report to which no exceptions were taken. The evidence before the master was not before the Superior Court and so is not before us.

The facts found by the master are in substance as follows: On November 17, 1909, the defendant Bragg made a written agreement with the plaintiff and his two sons to sell to them a piece of land in Greenfield "known as the 'Leonard Farm'" which was therein bounded and described. The price was $1,300, $100 of which was paid at the making of the agreement and the balance was to be paid in monthly instalments. The plaintiff and his sons entered under that agreement and paid the sum of $675 toward the purchase money. About three years later (in the autumn of 1912) the plaintiff's sons surrendered their rights in the contract to their father who alone continued to live upon the farm. The plaintiff relinquished his rights under the old agreement on the making of "an entirely new oral contract" which he made with the defendant Bragg. This new contract was afterwards reduced to writing. This writing was in these words: "Greenfield, Mass., April 1, 1913. Agreement between J W Bragg & German Noyse  Said Noyse agrees to Pay said Bragg $1100 dollars with interest from date for the Leonard place so called & is to pay $25.00 each month untill paid in full also Insurance & Taxes I witness thereof we have set our Hand & Seal  J W Bragg G. P. Noyes." The plaintiff continued to occupy the farm under the new contract. He made payments under the new contract amounting to $200. In October, 1913, he offered to make payment of a $25 instalment. The defendant refused to accept the money. At that time the plaintiff was not in default in any payment called for by the contract. "In November 1913," the defendant conveyed the farm to

Queenie L. Purrington, one of the defendants in this suit. Queenie L. Purrington was the wife of the defendant's son. She was a volunteer under her husband. Her husband (as the master found) took with full knowledge of the fact that there was an outstanding contract between the defendant and the plaintiff. In fact he had tried to buy the farm from the plaintiff and on the plaintiff refusing to sell it to him he undertook to get a conveyance from the defendant in fraud of the plaintiff's rights.

The defendant demurred to the bill and filed a motion to dismiss. A final decree in favor of the plaintiff was entered in the Superior Court. By the final decree the demurrer was overruled, the motion to dismiss was disallowed and the plaintiff was given the relief he asked for. The decree is set forth in the note.*

---

* Final Decree. "This case came on to be heard at this sitting of the Court upon the plaintiff's bill and the amendments thereto, the answers of the defendants, the motions of the defendants to dismiss the bill, the demurrers of the defendants to the bill, and the report of the master, and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed,

"1. That the defendants' motions to dismiss the bill be disallowed.

"2. That the defendants' demurrers be overruled.

"3. That the Report of the Master be confirmed and the findings therein adopted.

"4. That the defendant Queenie L. Purrington be enjoined permanently from prosecuting her action in the District Court of Franklin County, described in the eighth paragraph of the bill.

"5. That the defendant Queenie L. Purrington shall forthwith release and quitclaim to the defendant John W. Bragg, all interest she may or appear to have in the premises which the said defendant Bragg assumed by his deed of conveyance dated November 1st, 1913, recorded in the Franklin County Registry of Deeds, Book 595, Page 177, to convey to her.

"6. That thereupon the defendant John W. Bragg shall execute and deliver to the plaintiff, German P. Noyes, a good and sufficient warranty deed of conveyance of said Premises mentioned in paragraph 5 of this decree, free from all encumbrances, excepting whatever right the New England Telephone and Telegraph Company may have had in said premises prior to the bringing of this action, and the taxes upon said premises for the year 1914; and upon the delivery to him of such deed the plaintiff shall then and there pay to the defendant Bragg the sum of the purchase price stated in the agreement between them, to wit, eleven hundred dollars plus interest thereon at the rate of six per centum per annum from April 1st, 1913 to the date of the bringing of this action, and the taxes paid by the said defendant Bragg for

One only among the many objections made by the defendant is well taken. But there are two matters not objected to by him in which the decree is wrong.

1. The objection that the plaintiff had an action at law to recover damages for breach of agreement does not deprive equity of·its jurisdiction to compel specific performance of the contract. *Jones* v. *Newhall,* 115 Mass. 244, relied upon by the defendant was decided before St. 1877, c. 178 (now R. L. c. 159, § 1) was enacted. St. 1877, c. 178 (now R. L. c. 159, § 1) was enacted to avoid the conclusion which the court was forced to adopt in *Jones* v. *Newhall* and similar cases. See *Dole* v. *Wooldredge,* 135 Mass. 140; *Boston & Maine Railroad* v. *Sullivan,* 177 Mass. 230. But even in *Jones* v. *Newhall* the jurisdiction of the court to compel specific performance of a contract for sale of real estate was recognized. See *Jones* v. *Newhall, ubi supra,* at page 248.

2. The plaintiff had a right to act upon the defendant's refusal to accept the payment which he tendered in October. It was not necessary after that for the plaintiff to go through the nugatory act of making a further tender.

3. The allegations of the bill are not uncertain, vague and indefinite.

4. It is not necessary in a bill to compel specific performance of a contract to convey real estate to set forth any special reason why the plaintiff is entitled to relief in equity.

5. The issue of the statute of frauds does not seem to have been in the mind of the master when he made his findings. If there had been direct evidence that the defendant did not own two parcels of land in Greenfield, one known as the "Leonard Farm" and the other known as the "Leonard Place," there would have been no question as to the identification of the land covered by the agreement of April 1, 1913. *Harrigan* v. *Dodge,* 200 Mass.

the year 1913, after deducting therefrom the sum of two hundred dollars, the sum of the payments heretofore made thereon. The delivery of the said deed by the defendant Bragg, and the receipt thereof by the plaintiff, shall be made in the office of the Registry of Deeds of the said County of Franklin as soon as reasonably may be hereafter:—provided however, that the said defendant Bragg shall give to the plaintiff forty-eight hours' notice of the time when he will be prepared to deliver said deed at the place above stated.

"7. That the defendant Bragg pay to the plaintiff his costs in the sum of ($27.97) twenty-seven dollars and ninety-seven cents."

357, 359. See cases collected in *Desmarais* v. *Taft,* 210 Mass. 560. The "Leonard Farm" was fully described in the agreement of November 17, 1909. Taking the agreement of April 1, 1913, in connection with the agreement of November 17, 1909, and the transactions between the defendant and the plaintiff found by the master, we are of opinion that the only fair inference from the facts stated in the report is that the "Leonard Place" referred to in the agreement of April 1, 1913, is the "Leonard Farm" referred to in the agreement of November 17, 1909. It follows that the statute of frauds was complied with.

6. There were no laches on the part of the plaintiff. The master in his findings did not state the day in October when the tender refused by the defendant was made by the plaintiff. In his brief the defendant assumed that it was made on the thirty-first day of that month. The fraudulent conveyance to the defendant Purrington was made some time "in November." It is stated that the deed to her was dated November 1. The defendant Purrington undertook to enforce her rights under that deed by suing out a writ to obtain possession of the premises on December 1, 1913. The present bill was filed on December 6, 1913. On these facts the plaintiff seems to have acted with reasonable promptitude. What is of more importance, no rights of any party intervened.

7. A motion to dismiss a bill in equity is not the proper way of taking the objection that necessary parties defendant have not been joined. In addition to that the objection of non-joinder of necessary parties defendant in the case at bar was cured by the second amendment to the bill.

8. The final decree is wrong in depriving the defendant of the right which he had under the contract to leave his money at interest at six per cent until the purchase price was paid in monthly instalments of $25 a month.

9. The amount of the taxes paid by the defendant Bragg for the year 1913 should have been stated in the decree and the new decree should state the amount of taxes for that year and those for the year 1914. It was proper in the decree to provide that papers should be passed at the registry of deeds when the transaction was closed by payment of the final sum due. The provision that the defendant should give forty-eight hours' notice is not

unreasonable. These provisions are not in conflict with the contract of April 1, 1913, but are proper in working out the rights of the parties under that contract.

10. There are two matters in the decree not objected to by the defendant which are prejudicial to him. He has taken an appeal from the decree and we think that they should be corrected. Under the agreement of April 1, 1913, the plaintiff is entitled to a deed which shall convey to him a good title to the "Leonard Place" subject to the rights of the New England Telephone and Telegraph Company which have been acquired by that company since the agreement and for which the plaintiff has accepted payment. The decree requires the defendant to give the plaintiff a warranty deed. In that respect it is wrong.

11. The other provision of the decree not objected to by the defendant but which is prejudicial to his rights is that the defendant is entitled to interest at six per cent upon the purchase money until it is finally paid in full and not merely six per cent "to the date of the bringing of this action" as provided in the decree.

12. We find no error in the decree in the matter of insurance. It was found by the master that the premium on the policy of insurance on the property in the spring of 1912 was "charged against his [the plaintiff's] account" and so was paid by him.

13. The defendant Purrington is a mere volunteer from one who had full notice and she has no rights which should be protected in the decree.

14. The decree ought to have provided that the deed to the plaintiff should fully describe the land in the agreement of November 17, 1909, in place of providing that it should convey the premises mentioned in paragraph 5 of this decree. But the plaintiff, not having taken an appeal from the decree, is in the position of standing satisfied with it, and no change in that respect should be made.

15. The decree appealed from should be modified in the following particulars: (*a*) By striking out the word "thereupon," being the second word of article 6 of the decree. (*b*) By striking out the word "warranty" in the same article of the decree. (*c*) By striking out the following words in the same article, to wit, "and the taxes upon said premises for the year 1914; and upon the

delivery to him of such deed the plaintiff shall then and there pay to the defendant Bragg the sum of the purchase price stated in the agreement between them, to wit, eleven hundred dollars plus interest thereon at the rate of six per centum per annum from April 1, 1913, to the date of bringing this suit and the taxes paid by the said defendant Bragg for the year 1913, after deducting therefrom the sum of two hundred dollars, the sum of the payments heretofore made thereon." (*d*) For these words a provision should be substituted providing that the deed theretofore in article six directed to be made by the defendant should be delivered upon the plaintiff paying the balance of the purchase money in monthly instalments of $25 each with interest at six per cent and all sums now due for insurance and taxes and all sums hereafter falling due for insurance or taxes; the details of this portion of the decree to be settled in the Superior Court. (*e*) There should be stricken out from said article six of the decree the words "as soon as reasonably may be hereafter" and in place thereof there should be inserted "upon payment of the last sum due under the contract of April 1, 1913." (*f*) The plaintiff is entitled to recover his costs up to the date of the amended decree, and the seventh article of the decree should be modified accordingly.

*So ordered.*

The case was submitted on briefs.
*W. A. Davenport,* for the defendant Bragg.
*L. W. Griswold,* for the plaintiff.