SWAMSCOTT MACHINE COMPANY *vs.* JOHN R. PERRY & wife.

Essex.　Nov. 6. — 19, 1875.　WELLS, COLT & MORTON, JJ., absent.

If a debtor has mortgaged land, by the intervention of a third person, to his wife, without consideration and in fraud of creditors, and the wife has never taken possession, and no mortgage debt exists, but the husband remains in possession, a creditor to whom a portion of the land has been set off on execution against the debtor, and possession delivered, has a full, adequate and complete remedy at law by writ of entry against the debtor, and cannot maintain a bill in equity to obtain a release from the wife of all her right in the land set off.

BILL IN EQUITY by the Swamscott Machine Company, a corporation established under the laws of the State of New Hampshire, against John R. Perry and Cornelia B. Perry, his wife, alleging the following facts :

On August 1, 1871, John R. Perry was seised in fee of a tract of land in the city of Lawrence in this Commonwealth ; and on that day executed and delivered to George S. Armstrong a promissory note payable to Armstrong or order, for the sum of $6200, and at the same time executed and delivered to Armstrong a mortgage deed of said tract of land, conditioned for the payment of the note to Armstrong when due, which deed was duly acknowledged and recorded.

On December 18, 1871, Armstrong, by his deed of that date, assigned the mortgage deed and the debt secured thereby to Cornelia B. Perry and indorsed to her the said note. This deed was duly recorded. Cornelia B. Perry has never taken possession of the premises, but they remain in the possession of her husband.

On January 9, 1874, the plaintiff recovered judgment in the Superior Court for the county of Essex against John R. Perry for the sum of $1587.23, on which judgment execution issued on January 21, 1874, and on February 3, 1874, the plaintiff caused the execution to be levied on a certain described portion of said

land, subject to the inchoate right of dower of Cornelia B. Perry. Seisin and possession of said tract were delivered thereunder to the plaintiff, who has remained and now is in possession thereof; and thereupon the execution was returned by the officer as fully satisfied with all costs by the levy, and the execution and the return thereon were recorded in the registry of deeds and returned to the court issuing the same, and the right of redeeming the levy has expired.

The levy was not made subject to the said mortgage, nor the amount thereof deducted from the value of the land as estimated by the appraisers, but the land was set off to the plaintiff at its full value.

The bill further alleged that the defendants fraudulently colluding together and contriving to defeat the creditors of John R. Perry and to transfer and secure to his wife a part of his property, made the said mortgage deed, note and assignment; that the note was without consideration as between John R. Perry and Armstrong, and that Cornelia B. Perry paid nothing therefor to Armstrong; that there is not now existing and due any debt whatever which the mortgage secures; that the note has, as a matter of law, become void and of no effect; that Cornelia B. Perry now claims that the mortgage is a valid lien and incumbrance on the land, and is threatening and intending to enter under the same and expel the plaintiff as soon as it shall become lawful for her so to do, and that the mortgage is a cloud upon its title.

The prayer of the bill was that Cornelia B. Perry might be ordered to execute to the plaintiff a release of all right or claim in or to the tract of land set off to it on the levy, and for further relief.

The defendant Cornelia B. Perry demurred for want of equity. The case was heard on the bill and demurrer by *Endicott*, J., the demurrer sustained, and the bill dismissed. The plaintiff appealed.

*N. W. Harmon*, for the defendants.

*C. U. Bell*, for the plaintiff. The allegations of the bill show that the plaintiff has title in part of the land. That title gives it the right to question the mortgage of Mrs. Perry and inquire into its present validity, and claim a discharge of it, if it

secures no debt. The bill shows that there was no debt at the date of the levy, the note being without consideration and not taken by Mrs. Perry for value. This is not charged as a fraudulent conveyance because voluntary, but only to determine the amount to be paid to redeem. Although the facts charged might prove fraud, the plaintiff is not obliged to take that view of them. It has an election to rely on fraud or not.

The note has become void because it is now the property of the maker's wife. *Bassett* v. *Bassett,* 112 Mass. 99. *Chapman* v. *Kellogg,* 102 Mass. 246.

It is the province of a court of equity to order the discharge of mortgages, where, after breach of the condition, the debt is discharged. Here the condition, which was the payment of $6200, has never been performed, but has been broken, while the debt is cancelled. *Howard* v. *Howard,* 3 Met. 548.

2. A writ of entry would not lie, as the legal title was in Mrs. Perry. *Parsons* v. *Welles,* 17 Mass. 419. *Bigelow* v. *Willson,* 1 Pick. 485. *New England Jewelry Co.* v. *Merriam,* 2 Allen, 390. Nor a petition to quiet the title, as the plaintiff was not in actual possession taking the profits. The bill alleges that John R. Perry, one of the defendants, is in possession. *Munroe* v. *Ward,* 4 Allen, 150. It is in its nature a bill to redeem, of which the court has jurisdiction. There are two rights which cannot be settled in one action at law, that of Mrs. Perry and that of the holder of the rest of the land. Gen. Sts. *c.* 113, § 2, *cl.* 6.

GRAY, C. J. Upon the facts stated in the bill, the plaintiff has the legal title ; John R. Perry, one of the defendants, has the possession, without any title ; and his wife, the other defendant, has neither title, nor possession, nor immediate right to take possession. The plaintiff has a full, adequate and complete remedy at law, by writ of entry against John R. Perry, and cannot therefore maintain this bill. *Dolby* v. *Miller,* 2 Gray, 135. *Clark* v. *Jones,* 5 Allen, 379. *Commonwealth* v. *Smith,* 10 Allen, 448. *Jones* v. *Newhall,* 115 Mass. 244. *Decree affirmed.*