JOHN P. SQUIRE *vs.* FRANCES L. HEWLETT.

Middlesex.    March 17. — May 8, 1886.    W. ALLEN & HOLMES, JJ., absent.

A. owned the equity of redemption of a parcel of land subject to two mortgages, and owned the second mortgage, and made an entry to foreclose it; he also owned a mortgage upon another parcel of land, and made an entry to foreclose it; and was in possession, and in receipt of the rents and profits, of both parcels. The conveyances were procured to be made to A. by B., who became insolvent. C., his assignee in insolvency, brought two writs of entry against A. to recover the land, and, pending these actions, brought a bill in equity in the Superior Court against A. for the appointment of a receiver of the rents and profits of the land, and for an injunction to restrain A. from collecting them. The presiding judge found, that B.'s purpose in causing the conveyances to be made to A. was to defraud his creditors, that A. participated in such purpose, and that A.'s title to the land was fraudulent as against B.'s creditors; that the evidence from which he found A.'s participation was of such a nature that different tribunals might fairly reach different conclusions; that there was no mismanagement or waste of the property on A.'s part; and that A. was possessed of sufficient property to enable him to satisfy any judgment which C. might obtain against him in the actions at law; and dismissed the bill. *Held,* that this court would not reverse the decree in order to enable C. to amend his bill to one for the recovery of the land; and that, on the facts found, the decree should be affirmed.

BILL IN EQUITY, filed May 4, 1885, by the assignee in insolvency of the estates of John Lincoln and Volney R. Chamberlin, copartners under the firm name of Lincoln, Chamberlin, and Company, for the appointment of a receiver of the rents and profits of certain land, pending the determination of two writs of entry to recover the same; and for an injunction to restrain the defendant from collecting said rents and profits. The case was heard in the Superior Court, by *Knowlton,* J., and reported for the determination of this court, in substance as follows:

The plaintiff is the assignee in insolvency of John Lincoln and Volney R. Chamberlin, copartners under the firm name of

Lincoln, Chamberlin, and Company, and has brought two writs of entry against the defendant and one Lucia W. Chamberlin to recover the real estate described in his bill. The defendant is in possession, and in receipt of the rents and profits, of said real estate.

The first of said parcels, called the Moore estate, formerly belonged to J. W. and E. M. Moore, who became insolvent, and of whose estate Volney R. Chamberlin was the assignee in insolvency. This property was subject to two mortgages given by said J. W. and E. M. Moore, the first to secure the payment of $3000 and the second of $2000.

On May 31, 1880, Samuel G. Lane, administrator of the estate of the mortgagee, assigned the second of said mortgages to the defendant for $2060, which was paid by Volney R. Chamberlin from the moneys of Lincoln, Chamberlin, and Company. Chamberlin negotiated for this assignment, and procured it to be made. On August 12, 1881, Chamberlin, as assignee of J. W. and E. M. Moore, conveyed said estate to the defendant, subject to the two mortgages above named, for a consideration stated in the deed to be $1400. This money he accounted for as assignee of said J. W. and E. M. Moore, and he paid it from the funds of Lincoln, Chamberlin, and Company, said conveyance having been without consideration as between him and the defendant. Subsequently, the defendant made an entry to foreclose said second mortgage, and filed a certificate thereof.

The second of said parcels, called the homestead estate, was bought by Chamberlin, and mortgaged back to the seller for $10,000, on May 14, 1874, and has since been occupied by Chamberlin as his homestead. On May 14, 1879, Chamberlin procured said mortgage, upon which there was then due $9000 and accrued interest, to be assigned by the mortgagee to one Thomas Curley, and, on May 15, 1879, to be assigned by Curley to the defendant. Curley was an attorney at law, and took no part in the transaction except to do what Chamberlin requested. At that time the defendant held a promissory note against Lincoln, Chamberlin, and Company for $6500, and $6000 was then indorsed as paid upon it, and that sum, with $1000 made up from other claims she held against said firm, was treated as furnished by the defendant towards the payment for this mortgage, and

the balance of $2000 and interest was treated as furnished by Chamberlin, and he paid the entire sum of $9000 and accrued interest from the moneys of Lincoln, Chamberlin, and Company. No indorsement of any payment upon the principal of said note was made at that time, but the interest was indorsed as paid to that date, and the note continues to indicate that $9000 of the principal is still due. The defendant at this time made a note of $2000, payable to the firm of Lincoln, Chamberlin, and Company. In an account of subsequent transactions between the defendant and Chamberlin, he was credited with payments of interest upon $7000, on account of said mortgage, down to about the time of the commencement of insolvency proceedings in his case, but no indorsements thereof were ever made upon said note. The defendant has filed a certificate of entry to foreclose said mortgage.

Chamberlin became insolvent as long ago as 1875, and continued so until the commencement of insolvency proceedings in his case.

The judge found that a part of his purpose in causing each of said conveyances to be made to the defendant was to hinder, delay, and defraud his creditors, and that the relations of the defendant to him were such, and the business was done in such a way, that she must be holden to have participated in his said purpose, so that the title under which she holds each of said parcels of real estate is fraudulent as against the creditors of Lincoln, Chamberlin, and Company, and of Volney R. Chamberlin.

The evidence from which the judge found the participation of the defendant in a fraudulent purpose consisted in a great variety of facts, statements, and circumstances from which inferences could properly be drawn, some of which indicated that her purpose was honest, and others that it was fraudulent. This evidence was of such a nature that the judge found that different tribunals, acting fairly, would be likely to come to different conclusions in determining from it the question of the defendant's fraud.

The judge also found that the allegations of the bill regarding mismanagement and waste of the property by the defendant were not sustained; that the rents and profits of the estates were a little more than $2000 per year; that the defendant was

possessed of sufficient property to enable her, in the absence of any large loss, to pay any judgment which the plaintiff would be likely to obtain against her for damages on account of the detention and use of said real estate, if she desired; and that such judgment "may be of doubtful value" solely because it will be unsecured, and the defendant's situation may be such that it cannot be enforced against her; and dismissed the bill, with costs.

B. F. Butler, (J. P. Wyman, Jr., with him,) for the plaintiff.
T. Curley, for the defendant.

FIELD, J. This is not a bill in equity to recover possession of land, or to obtain a conveyance of land, or to declare void the deeds of land which have been given to the defendant. Before this suit was brought, the plaintiff had brought writs of entry against this defendant and one Lucia W. Chamberlin, to recover possession of both of the parcels of land described in the bill, and these actions are pending. This suit is brought for the appointment of a receiver of the rents and profits of the land until the determination of the actions at law, and for an injunction restraining the defendant from meanwhile collecting the rents and profits.

The plaintiff asks that, if the bill cannot be maintained as it stands, the decree dismissing it may be reversed, and he be permitted to amend it into a bill for the recovery of the land. There are many reasons why this cannot be done. The defendant is the owner of the equity of redemption of one of the parcels of land subject to two mortgages, as well as the owner of the second mortgage, and has made an entry to foreclose this mortgage; he is likewise the owner of a mortgage upon the second parcel of land, and has also made an entry to foreclose this mortgage, and is in possession and in receipt of the rents and profits of both parcels. The plaintiff is the assignee in insolvency of John Lincoln and Volney R. Chamberlin, copartners under the style of Lincoln, Chamberlin, and Company, and claims title as such assignee through Volney R. Chamberlin, who, as the plaintiff avers, has made, or procured to be made, the conveyances to the defendant, in fraud of his creditors. The cause having been heard on its merits, if the decree dismissing the bill, as the case stands, ought to be affirmed, the decree should not be reversed

to enable the plaintiff to amend his bill so as to state a different case and pray for a different remedy. The cause is in the Superior Court, application to amend the bill must be made there, and should be made before final judgment in that court; and, without considering whether it is within the power of this court to reverse a final decree properly made in the Superior Court, solely for the purpose of enabling a party to apply to that court for leave to amend his pleadings, it clearly should be done only to supply formal defects, or when the plaintiff would otherwise be subject to substantial injury.

The writs of entry pending when this suit was brought are the proper proceedings to try the title and recover possession of the land, because the defendant is in possession. *Clark* v. *Jones*, 5 Allen, 379. *Metcalf* v. *Cady*, 8 Allen, 587. *Clouston* v. *Shearer*, 99 Mass. 209. *Swamscott Machine Co.* v. *Perry*, 119 Mass. 123.

If it were true that, since the passage of the St. of 1875, *c.* 235, (Pub. Sts. *c.* 151, § 3,) a court of equity has jurisdiction concurrently with a court of law to try the title to land fraudulently conveyed to, and in the possession of, the defendant, still the pendency of the writs of entry brought for that purpose before this bill was filed would be a sufficient reason why the plaintiff should not be permitted to amend his bill as he desires. But the St. of 1875, *c.* 235, gives jurisdiction in equity to reach, and apply in payment of a debt, property fraudulently conveyed, and it is, to say the least, doubtful if it extends to an assignee in insolvency, who sues, not as a creditor to collect a debt, but in his representative capacity for the benefit of the insolvent estate.

As a bill brought for the appointment of a receiver of rents and profits pending the determination of the actions at law, it was, on the facts found by the justice of the Superior Court, rightly dismissed. Mesne profits are recoverable in writs of entry by statute; Pub. Sts. *c.* 173, §§ 12 *& seq.;* and the remedy provided by the statute supersedes all common law remedies. *Raymond* v. *Andrews*, 6 Cush. 265. The bill is brought as ancillary to the actions at law, and for the purpose of securing the rents and profits to the plaintiff, if he obtain judgment for them in those actions. The counsel for the plaintiff has shown no precedents for such a bill in this Commonwealth. *Taylor* v.

*Robinson*, 7 Allen, 253, resembles, in some respects, this suit; but there the bill was dismissed. If it be assumed that there might be a state of facts in which such a bill could be maintained in this Commonwealth, it is clear that, on the facts found in the report, this bill must be dismissed. The parties claim under legal titles; no mismanagement or waste on the part of the defendant is found; she is not insolvent, nor is there extraordinary danger that she will not be able to satisfy any judgments which the plaintiff in his actions at law may obtain against her; and the plaintiff's superior right is not so certain that different tribunals might not fairly reach different conclusions. 3. Pom. Eq. § 1333, and cases cited.

The request that the bill should be dismissed without prejudice to the actions at law is unnecessary, because the record shows that the bill was not dismissed on any ground which can prejudice the plaintiff in prosecuting his actions.

*Decree affirmed.*