Robinson, J.
The appealability of this case is dependent upon whether the action is one at law or one in chancery.
The action here was instituted below by defendant in error The United States Fidelity & Guaranty Company, who was the surety upon the bond of Mc-Sorley and held the money of McSorley to indemnify it as surety.
The county of Crawford, in the name of the state of Ohio, was claiming that the United States Fidelity & Guaranty Company owed it the sum of one thousand dollars upon the bond it had executed to insure the appearance of McSorley at the time of the trial, but was not interested in, or making claim to, the particular one thousand dollars deposited with The United States Fidelity & Guaranty Company by Mc-Sorley, and indeed was not interested in what became of that deposit, and a case seeking a judgment upon tbe bond against The United States Fidelity & Guaranty Company was then and is now pending in the court of common pleas of Crawford county, the determination of which case is not dependent upon the ability of The United States Fidelity & Guaranty Company to retain all or any part of the one thousand dollars deposited with it by McSorley.
The defendant in error Egan, on the other hand, having a judgment against McSorley, and an order against The United States Fidelity & Guaranty Company directing it to pay to the clerk of the court *15 five hundred dollars to be applied upon his judgment against McSorley, is interested in the particular thousand dollar deposited with The United States Fidelity & Guaranty Company by McSorley. Having secured no actual service upon McSorley, Egan’s judgment against McSorley is dependent for its validity upon, and to the extent of, the existence of money in the hands of The United States Fidelity & Guaranty Company due McSorley. The interests then of Egan and Crawford county in the fund have no common source, Crawford county having no interest therein other than to put itself in position to prevent the doctrine of estoppel being applied against its recovery upon the bond of The United States Fidelity & Guaranty Company. The source of its claim is the bond. The source of the claim of Egan is the judgment recovered against McSorley, dependent for service, and therefore for validity, upon the existence of a fund in the hands of The United States Fidelity & Guaranty Company belonging to McSorley. The only connection between the claim of Egan against McSorley and the claim of Egan against The United States Fidelity & Guaranty Company is by reason of the garnishment of The United States Fidelity & Guaranty Company in the ease of Egan against McSorley.
It will readily be seen then that there is no com-f mon source of title to the fund between Crawfordl county and Egan, for Crawford county has a right' of action against The United States Fidelity & Guaranty Company upon the bond, but no right to the particular fund deposited by McSorley, while Egan’s claim is against the fund with such right of action against The United States Fidelity & Guaranty *16 Company, if any, as may be based upon the order against it in the garnishment proceeding. The right of action of Egan against The United States Fidelity & Guaranty Company is at law, and the right of action of the county of Crawford against The United States Fidelity & Guaranty Company is also at law.
An action in the nature of an interpleader does not lie in such case.
It is said in 4 Pomeroy’s Equity Jurisprudence (4 ed.), Section 1322, “from the whole course of authorities, it is clear that the equitable remedy of interpleader, independent of recent statutory regulations, depends upon and requires the existence of the four following elements, which may be regarded as its essential conditions: 1. The same thing, debt, or duty must be claimed by both or all parties against whom the relief is demanded; 2. All their adverse titles or claims must be dependent, or be derived from a common source; 3. The person asking the relief — the plaintiff — must not have nor claim any interest in the subject-matter; 4. He must have incurred no independent liability to either of the claimants; that is, he must stand perfectly indifferent between them, in the position merely of a stakeholder.”
It will be seen that the action by The United States Fidelity & Guaranty Company here under consideration violates each and every one of the essential conditions of an interpleader. It violates the first condition, for the reason that the claim of Crawford county is not upon the fund, but is upon the bond. The claim of Egan is upon the fund, and not upon the bond. It violates “2” because the *17 claim of Crawford county is dependent upon and derived from the bond. The claim of Egan has no connection with the bond, but is a claim for services and is based upon a statutory garnishment of The United States Fidelity & Guaranty Company, and has to do with the existence or non-existence of an obligation, not of The United States Fidelity & Guaranty Company to Crawford county, but an obligation of The United States Fidelity & Guaranty Company'to McSorley. It violates “3” for the reason that the party asking the relief, The United States Fidelity & Guaranty Company, has a claim and interest in the subject-matter, to-wit, if it is required to respond upon the bond in the full sum of one thousand dollars it will still be confronted with the order of the court in the case of Egan v. McSorley. It has an interest as against Egan in an amount equal to the claim of Egan, for the rea*son that if it is required to respond in the full face of the bond, and also as garnishee, it will sustain a loss to the extent of Egan’s claim. It violates “4” in that The United States Fidelity & Guaranty Company by the execution of the bond incurred a liability to Crawford county in the sum therein named, and in so far as the record here discloses permitted the order against it in the case of Egan v. McSorley to stand unreversed, and does not now stand indifferent between Egan, McSorley and Crawford county.
In Story’s Equity Pleadings (10 ed.), Section 293, it is said: “Where the claimants assert their rights under adverse titles, and not in privity, and where their claims are of different natures, the bill is wholly unmaintainable.”
*18 The doctrine, as enunciated in Pomeroy and Story, has been followed in the cases of Kyle v. Mary Lee Coal & Ry. Co., 112 Ala., 606; Northwestern Mut. L. Ins. Co. v. Kidder, 162 Ind., 382; Third Nat. Bk. of Boston v. Skillings, Whitneys & Barnes Lumber Co., 132 Mass., 410, and McFadden v. Swinerton, 36 Ore., 336.
The right of action of Egan against McSorley is, and was, one at law. The right of action against The United States Fidelity & Guaranty Company exists, if at all, by reason of the action at law by Egan against McSorley; and the statutory enactments authorizing the making of a garnishee liable, and the liability of the garnishee, are enforceable at law. The right of action of Crawford county against the United States Fidelity & Guaranty Company is one at law upon the bond.
Our attention has been called, to no Ohio statute which gives the defendant in error The United States Fidelity & Guaranty Company any right to maintain an action in interpleader against separate defendants having separate causes of action against it derived from different sources involving different issues, and each triable in an action at law.
The defendant in error The United States Fidelity & Guaranty Company, finding itself in the position of having on hand two separate cases at law, by different plaintiffs, involving different causes of action derived from different sources, and itself having an interest in the subject-matter and by its own act having incurred a liability to one of the claimants, cannot convert the two actions at law into one action in equity by the simple process of filing a petition in the nature of an interpleader; and, while no demurrer was filed in the trial court by either party, *19 and that court took and retained jurisdiction and tried and determined in the same suit the rights of two different litigants having separate and distinct causes of action against the same party, nevertheless each of those actions, though tried together ih the same suit, retained their particular character as actions at law and were reviewable by the court of appeals only upon a petition in error.
The motion to dismiss the appeal in the court of appeals should have been sustained.
The judgment of the court of appeals will be reversed.

Judgment reversed.

Marshall, C. J., Johnson, Hough, Wanamaker and Matthias, JJ., concur.