### BANKERS LIFE CO v WATERS, et

Ohio Appeals, 8th Dist, Cuyahoga Co
10750½. Decided Oct. 20, 1930

David P. Bowden, Cleveland, for Bankers Life Co.

Howell, Roberts & Duncan, Cleveland, for Waters.

Bernon, Mulligan, Keeley & LeFever, Cleveland, for Clara H. Corlett, Admrx.

Judges WILLIAMS and RICHARDS (6th Dist) and CROW (3rd Dist) sitting.

**RICHARDS, J.**

In 1 Pomeroy's Equity Jurisprudence, Sections 170 and 171, the author classifies exclusively equitable remedies and embraces interpleader in one of the classes.

It seems clear that the original jurisdiction in interpleader was in chancery, but the proceeding has been regulated in part, by statute. Section 11265 GC, provides for interpleader upon affidavit of the defendant before answer, but this section is not broad enough to cover the entire field of interpleader and has no relation to an action brought by a plaintiff holding a fund to which claim is set up by different claimants. Interpleader is peculiarly an equitable remedy where various persons, whose titles are connected by being derived from a common source, claim the same thing from a third person, and authorizes such person to maintain an action requiring them to interplead and set forth their claim. The equitable character of interpleader is clearly stated in 4 Pomeroy's Equity Jurisprudence, Sections 1320 and 1329. See also 33 C. J., 466.

We are not concerned in determining whether the method provided in the statute above cited is or is not of an equitable character, for the case under consideration is not brought under that statute but by a plaintiff and under equitable principles existing long before the enactment of the statute and still existing, for the statute is not broad enough to cover all classes of interpleader. As was said by Speer, J. in the course of the opinion in **1st National Bank v. Beebe, 62 Oh St, 41, 44:**

> "that the equitable character of interpleader still survives, we think has been the common understanding of the bench and bar since the enactment of the code."

This court is of the opinion that the action is in chancery and hence, under the Constitution as amended in 1912, appealable and that the motion to dismiss the appeal should be overruled.

Our attention is called to **Union Trust Co. vs. Lessovitz, et al.,** decided by the Supreme Court May 21, 1930. **(Syl 8 Abs 336; 171 NE 849; 122 Oh St 406),** holding that when a motion to dismiss an appeal is sustained the appellant has a right to prosecute error to the Supreme Court from the judgment of dismissal and that the pending error case should, in the meantime, be held in abeyance. But, in the instant case, the motion to dismiss the appeal is overruled and that is not a final order to which error will lie, and therefore this case on appeal will be forthwith assigned for trial. Motion to dismiss appeal overruled.

Williams and Crow, JJ, concur.