## TROTTER v TROTTER et

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 26, 1936

Manchester, Ford, Bennett & Powers, Youngstown, for plaintiff in error.

W. J. Hawley, Youngstown, J. W. McCarron, Youngstown, and Clinton J. Wall, Youngstown, for defendants in error.

## OPINION

By NICHOLS, J.

This is a proceeding in error to review the judgment of the Common Pleas Court of Mahoning County, Ohio, in an action brought by Mary Trotter against Helen R. Trotter and The Union National Bank of Youngstown, Ohio. The plaintiff in error was plaintiff in the lower court, and the defendants in error were defendants. The parties will be referred to herein as they stood in the Common Pleas Court.

In her amended petition the plaintiff alleged, among other things, that the defendant, Helen R. Trotter, and her husband, Julian B. Trotter, now deceased, induced the plaintiff to loan money to them on the promise of its repayment. It was specifically alleged in the amended petition as follows:

"It was further represented to this plaintiff that Julian B. Trotter carried insurance on his life in an amount of not less than Fifteen Thousand Dollars ($15,000) and that she would receive Five Thousand Dollars ($5,000) thereof.

"Relying upon said representations and promises and in pursuance thereof, the plaintiff did lend further money, to-wit: Eleven Hundred Fifty Dollars ($1,150) was loaned, as requested, on March 27, 1928." (And subsequent loans are recited).

The plaintiff further alleged that Julian B. Trotter "was suffering with an illness of mind and body which necessitated medical care and attention and required hospitalization"; that defendant (Helen R. Trotter) also required medical treatment, and that "plaintiff loaned them money to provide such care and attention and sustenance."

The amended petition further alleged that money was furnished by plaintiff to defendant and her husband with which to pay the premiums on the life insurance; and that said moneys were loaned between March, 1931 and May 27, 1932.

In her amended petition plaintiff further alleged "that about two weeks before the death of her said son, he, his wife, (the defendant) and this plaintiff orally agreed among themselves and for the mutual benefit of all three of them that the former oral agreement hereinbefore set forth should be and the same was thereby modified and supplemented to the end that the plaintiff be repaid for all of the moneys loaned by her to her son and the defendant out of the proceeds of said life insurance policies to the extent of Five Thousand Dollars ($5,000) and the defendant did promise and agree with her husband and this plaintiff, and said parties did mutually agree that said defendant should hold said policies for the benefit of herself and plaintiff and that she would collect and receive the proceeds therefrom and out of the benefits and proceeds derived therefrom and so collected and received by the said Helen R. Trotter she

should distribute and pay over to the plaintiff the sum of Five Thousand Dollars ($5,000); that the said Helen R. Trotter has collected and received the benefits provided for in said policies upon the death of the said Julian B. Trotter; * * * that out of the moneys received and collected by said defendant, Helen Trotter, from said The Mutual Benefit Life Insurance Company and arising from insurance on the life of Julian B. Trotter, she deposited Five Thousand Dollars ($5,000) in a checking account with the defendant, The Union National Bank of Youngstown, Ohio, on or about April 23, 1934; * * *

"The plaintiff further says that the defendant, Helen R. Trotter, has withdrawn from the moneys deposited in said The Union National Bank of Youngstown, Ohio, the sum of One Thousand Five Hundred Dollars ($1,500); that there remains on deposit in said bank the sum of Three Thousand Five Hundred Dollars ($3,500) of said fund derived from said insurance policy; * * * that, unless restrained said defendant will withdraw the balance of said insurance fund on deposit with The Union National Bank of Youngstown and that said The Union National Bank of Youngstown will pay out to said Helen R. Trotter, or to her order, the balance of said fund on deposit with it, to the irreparable injury of the plaintiff and her interest and right in said fund.

"The plaintiff says that, although Helen R. Trotter has long since collected and received the benefits provided for in said policies, the said defendant has failed and neglected to account to the plaintiff for said moneys or any part thereof and she has failed and neglected to pay therefrom the sum of Five Thousand Dollars ($5,000)."

After alleging that the defendant has paid to plaintiff only the sum of $500, in November, 1934, and that demand has been duly made upon defendant and on the defendant bank for the deposit and account in The Union National Bank, but that defendants have failed, neglected and refused to deliver the fund and account, or any portion thereof, to the plaintiff, and after further alleging that if the relief for which prayer is made is not granted to the plaintiff such refusal will operate as a gross fraud, injustice, wrong and inequity to the plaintiff, and that plaintiff has no adequate remedy at law, but will suffer irreparable loss, the prayer of the petition is as follows:

"Wherefore, plaintiff prays that the court adjudge and decree that the defendant, Helen R. Trotter, was and is seized of said policies of insurance and the proceeds arising therefrom so deposited with the said The Union National Bank of Youngstown, Ohio, and said deposit and account with said bank as Trustee for the plaintiff; that the court impress a trust on said deposit and account in the name of Helen R. Trotter with said bank; that the court decree that said bank was and is seized of the moneys deposited in said account and holds the same subject to a trust in behalf of this plaintiff; that the court order and direct that said defendants transfer and set over to this plaintiff the amount on deposit in said account, to-wit: Three Thousand Five Hundred Dollars ($3,500), or so much thereof as the court may find that plaintiff is equitably entitled to; that Helen R. Trotter be required to set forth what interest if any, she has or claims to have in said fund; that a receiver be appointed to preserve said fund and make distribution thereof; that the defendant, Helen R. Trotter, be permanently enjoined from transferring or withdrawing all or any portion of the moneys on deposit in her name or account with The Union National Bank of Youngstown; that the said The Union National Bank of Youngstown, Ohio, be enjoined from paying out moneys to the defendant, Helen R. Trotter, or for her and on her behalf at her request, written or oral, from funds deposited in her name or account: that plaintiff be awarded such other and further relief to which she may be entitled."

The suit was commenced in Mahoning County, Ohio, where the principal office and place of business of The Union National Bank of Youngstown, Ohio, is and was located at all times mentioned in the petition. Process issued and was duly served on the bank. However, in respect to the defendant, Helen R. Trotter, affidavit for service by publication was filed, and notice by publication made. Thereafter, Helen R. Trotter filed her certain motion to quash service by publication, and objected to the court's jurisdiction over her person, for the reason that she was a resident of Cuyahoga County, Ohio. The court found that the defendant, Helen R. Trotter, was a resident of Cuyahoga County, and sustained defendant's motion. The court further held that jurisdiction of the non-resident defendant could not be acquired in Mahoning County by service of summons; the court further

holding that The Union National Bank of Youngstown was not a real or substantial party in contemplation of the statute permitting service of summons for a co-defendant resident in another county of this state. Thereupon the court dismissed the plaintiff's case.

Motion for a new trial was filed by the plaintiff and overruled. No bill of exceptions is filed in this court, the same having been stricken from the files of the Common Pleas Court on motion for the reason that the same was not filed within forty days after the rendition of the judgment.

Plaintiff in error submits that the Court of Common Pleas erred in the following respects:

"1. In dismissing plaintiff's suit.

"2. In its decision that jurisdiction could not be obtained over the person of Helen R. Trotter by service of summons pursuant to the provisions of §11282, GC.

"3. In its decision that The Union National Bank of Youngstown was not a real or substantial party defendant in the action in contemplation of the statute permitting service on a co-defendant resident of the state but not of the county where the action is brought."

We have set forth rather fully the allegations of plaintiff's amended petition, and have stated fully the findings of the court with relation to the residence of the defendant, Helen R. Trotter, in Cuyahoga County, Ohio, and with relation to the finding by the court from the evidence that the defendant, The Union National Bank of Youngstown, Ohio, has no substantial interest in the issues of the case. Since we do not have a bill of exceptions, it must be held that the finding of the trial court upon these questions of fact is conclusive against the plaintiff in error. In this error proceeding we may consider only errors which appear from the pleadings and the transcript of the docket and journal entries in the Common Pleas Court.

It is the claim of plaintiff in error that there was a trust fund in the hands of Helen R. Trotter, arising from the proceeds of certain life insurance policies upon the life of the deceased husband of Helen R. Trotter, and that this trust fund, or a portion of it, has been deposited with The Union National Bank of Youngstown, Ohio. This claim is not supported by the allegations of the amended petition, to which the

court must look in the absence of a bill of exceptions. The action seeks only to impress a trust upon this fund, but it is clear from the allegations of the amended petition that no trust fund has yet been established. No judgment is prayed for against the bank, and it seems clear to this court that the amended petition states no facts from which a finding could be made that the defendants are jointly liable to the plaintiff.

It further seems clear to this court that the real relief sought is against the defendant, Helen R. Trotter, who is a resident of Cuyahoga County, and only ancillary relief by way of injunction is sought against the defendant, The Union National Bank of Youngstown, Ohio.

In order that an action may be brought in a county which will permit service of summons to be issued to another county for a non-resident defendant must be one who is jointly liable. We quote from the syllabus in the case of **Canton Provision Co. v Gauder, 130 Oh St 431, 196 NE 634:**

"Where an action is instituted against two defendants jointly, one of whom is served with summons in the county in which the action is brought, and the other by a summons issued to another county of the state, and it appears upon the face of the petition that the defendants are not jointly liable for the reason that the liability of the non-resident defendant is primary and that of the resident defendant secondary, the service of summons on the non-resident defendant may be quashed."

See, also, **Gorey v Black, 100 Oh St 73, 75, 125 NE 126; Stark County Agricultural Society v Brenner, an Infant, 122 Oh St 560, 172 NE 659.**

Carefully examining the amended petition and the prayer for relief sought, it can not be said that it appears upon the face of this amended petition that the defendants are jointly liable.

We find no error in the judgment of the Common Pleas Court prejudicial to the plaintiff in error, and the judgment of the lower court is affirmed.

Judgment affirmed.

CARTER, J, concurs.