## UNION NATIONAL BANK v McCARRON et

Ohio Appeals, 7th Dist, Mahoning Co

No 2389. Decided Oct 22, 1937

Manchester, Ford, Bennett & Powers, Youngstown, for the Union National Bank and Mary Trotter.

Wm. J. Hawley, Cleveland, and John W. McCarron, Cleveland, for J. W. McCarron and W. J. Hawley.

Clinton J. Wall, Youngstown, for appellants.

### OPINION

By NICHOLS, J.

The Union National Bank of Youngstown, Ohio, filed its bill of interpleader in the Court of Common Pleas of Mahoning County against J. W. McCarron and W. J. Hawley, partners; Mary Trotter and Helen R. Trotter, from which it appears that plaintiff is a national bank, organized and ex-

isting under the laws of the United States, with its banking business and principal place of business in Youngstown, that Helen R. Trotter was at one time a citizen and resident of Youngstown, and that plaintiff is not advised as to her present address; that Mary R. Trotter is a citizen and resident of Youngstown; that J. W. McCarron and W. J. Hawley are partners and residents of the city of Cleveland, Cuyahoga County; that on or about April 23rd, 1934, the defendant, Helen R. Trotter, presented to plaintiff a check drawn by an insurance company upon National State Bank of Newark, New Jersey, in the amount of $5,000, payable to her. At that time Helen R. Trotter opened a savings account with plaintiff, in her own name, in the amount of $5,000.00. Thereafter various items of interest were credited to this savings account and various sums withdrawn therefrom by Helen R. Trotter, and there is now a balance due on the account, with interest from November 1, 1935, of $3583.70.

Plaintiff's bill of interpleader further alleges that the defendants, J. W. McCarron and W. J. Hawley, are claiming this fund by virtue of an alleged assignment by Helen R. Trotter; that the defendant, Helen R. Trotter, is claiming the fund; and that the defendant, Mary Trotter, is claiming the fund "by virtue of a claim that it was held for her benefit in the name of Helen R. Trotter."

Plaintiff further alleges that it is in danger of being sued by one or more of the claimants and of being vexed by a multiplicity of actions, with a possibility of having a double liability unless the court entertains jurisdiction of the bill of interpleader and protects the rights of plaintiff.

Plaintiff further alleges that it is not beneficially interested in the sum of $3683.70 due and payable on the account, but stands entirely indifferent between the claimants thereto, and further says that the action has been brought without collusion with any of the claimants and prays that it be permitted to pay the sum due upon this amount into court; that process issue to the defendants requiring each of them to answer the bill and to join issue as between themselves in order that the court may determine and decide who is entitled to the proceeds of the fund; and that plaintiff be discharged from all further liability on the account, and that the court order "said passbook number 8711 to be surrendered to plaintiff for cancellation."

Summons and copy of the order of interpleader having been issued out of the clerk's office and returned with the endorsement of service by the sheriff of Cuyahoga County and Mahoning County, respectively, J. W. McCarron filed his demurrer to the petition of interpleader upon two grounds, first, that the same does not state facts sufficient to constitute a cause of action in interpleader, and second, that there is a misjoinder of parties defendant.

Thereafter, the defendant, Mary Trotter, filed her answer and cross bill in interpleader, and by way of answer admitted the allegations in plaintiff's bill of interpleader. By way of cross bill in interpleader she alleged that during the lifetime of her son, Julian B. Trotter, and after his marriage to the defendant, Helen R. Trotter, she loaned to her son and his wife large sums of money for their support, maintenance, care, education and for equipment of an office for the carrying on of his profession of the practice of medicine, the amount of such loans and advancements being $7736.30; that at the time certain of these loans or advancements were made it was represented to her by the defendant, Helen R. Trotter, that she would work with and assist her husband and their earnings would be used to repay Mary Trotter; that it was further represented to her that Julian B. Trotter carried insurance on his life in an amount of not less than $15,000.00, and that Mary Trotter would receive $5,000.00 thereof; that relying upon these representations she continued to advance money to her son and his wife, and that about two weeks before the death of her son he and his wife, Helen R. Trotter, and the defendant, Mary Trotter, "orally agreed among themselves and for the mutual benefit of all three of them, that the former oral agreement hereinbefore set forth should be and the same was thereby modified and supplemented to the end that Mary Trotter be repaid for all the moneys loaned by her to her son and the defendant, Helen R. Trotter, out of the proceeds of said life insurance policies to the extent of $5,000.00 and the said Helen R. Trotter did promise and agree with her husband and the said Mary Trotter, and said parties did mutually agree that said Helen R. Trotter should hold said policies for the benefit of herself and Mary Trotter, and that she would collect and receive the proceeds therefrom and out of the benefits and proceeds derived therefrom and so collected and received by the said Helen R. Trotter she would distribute and pay over to the said Mary Trotter the sum of $5,000.00; that the said Helen R. Trotter

has collected and received the benefits provided for in said policies upon the death of said Julian B. Trotter."

The cross bill of Mary Trotter further alleged that subsequent to the death of James B. Trotter, the defendant, Helen R. Trotter received and collected the death benefits provided for in the insurance policies; that out of the moneys received and collected by her from the Mutual Life Insurance Company, Helen R. Trotter deposited $5,000.00 in a savings account with the Union National Bank of Youngstown and made certain other deposits which are not of importance here; that Helen R. Trotter withdrew $1500.00 of the money deposited with that bank and that there remains on deposit in such bank the sum of $3,500.00 from the fund derived from the insurance upon the life of Julian B. Trotter; that Helen R. Trotter has failed and neglected to account to her for such moneys, or any part thereof except the sum of $500.00, although demand has been made upon her and upon the Union National Bank therefor.

The prayer of Mary Trotter in her cross bill of interpleader is that the court, among other things, "adjudge and decree that the defendant, Helen R. Trotter, was seized of said policies of insurance and the proceeds arising therefrom so deposited with the said The Union National Bank of Youngstown, Ohio, and also said deposit and account with the said bank as trustee for Mary Trotter; that the court impress a trust on said deposit and account in the name of Helen R. Trotter with the said bank; that the court decree that said bank was seized of the moneys deposited in said account and held the same subject to the trust in behalf of Mary Trotter;" that Helen R. Trotter and J. W. McCarron and W. J. Hawley be required to set forth what interest, if any, they have or claim to have in the fund; that the clerk be ordered to pay to her the amount of $3,583.70 deposited by the bank at the time of the filing of its bill of interpleader, and for such other and further equitable relief to which she may be entitled.

No summons was issued out of the Common Pleas Court upon the cross bill of interpleader filed by Mary Trotter and Helen R. Trotter does not in any manner enter her appearance thereto.

The defendants, J. W. McCarron and W. J. Hawley, filed their joint answer to the bill of interpleader in which it is alleged among other matters, that the Union National Bank of Youngstown had on its books a savings account, No. 3711 in the sum of $3,583.70 to the credit of Helen R. Trotter; that the bank issued its pass book to Helen R. Trotter April 23rd, 1934; that these answering defendants are making claim to the fund by virtue of an assignment by Helen R. Trotter to them, in writing, a copy of which was furnished to the bank, bearing date of September 25, 1935. These answering defendants deny all other averments in the bill of interpleader, except certain formal allegations.

For their second defense, J. W. McCarron and W. J. Hawley allege that the bank has no right in law to maintain this action, for the reason that the plaintiff bank accepted from Helen R. Trotter the amount of money shown on its passbook and thereupon issued to Helen R. Trotter its passbook and contract showing that Helen R. Trotter had this money in the bank on deposit to her credit; that subsequently Helen R. Trotter had this money in the bank on deposit to her credit; that subsequently Helen R. Trotter assigned and transferred the account, in writing, to these defendants, who demanded of the bank the amount due, and that at no time thereafter had Helen R. Trotter made any claim of any kind or character against the bank for the fund.

It is further set forth that:

"The alleged claims of the said Mary Trotter, made a defendant herein, are not based on any right or title which she derived through the said Helen R. Trotter or these answering defendants, and that the said Mary Trotter at no time has had any assertable claim against the said The Union National Bank growing out of said fund, neither at the time of the filing of the said bill of interpleader nor at any other time was The Union National Bank liable in any way to the said Mary Trotter."

For their third defense J. W. McCarron and W. J. Hawley deny that the bank stands entirely indifferent between the alleged claimants, and deny that the action has been brought without collusion with the defendants and aver that on the contrary the plaintiff bank and the defendant Mary Trotter, were at all times represented by the same attorneys, and that this proceeding has been instituted collusively for the purpose of obtaining jurisdiction over the defendant, Helen R. Trotter, who is a resident of Cuyahoga County, Ohio, for the purpose of asserting an alleged claim of

Mary Trotter against Helen R. Trotter.

The defendants, McCarron and Hawley, pray that the fund which is paid into court on the interpleader be turned over to them; that the petition of plaintiff be dismissed, and for such other and further relief as in equity these answering defendants may be entitled.

Thereafter, the defendants, McCarron and Hawley, filed their written motion for judgment in their favor on the issues joined by the bill of interpleader, the joint answer of J. W. McCarron and W. J. Hawley, and the answer of Mary Trotter, and Mary Trotter likewise moved for a judgment in her favor on the pleadings.

The Common Pleas Court found that the bill of interpleader filed by the Union National Bank of Youngstown was in conformity with law; that the bank had the right to file the same; that the claim of Mary Trotter to the fund deposited herein by The Union National Bank of Youngstown with the clerk of this court is superior to the claim of J. W. McCarron and W. J. Hawley. It was ordered, adjudged and decreed that J. W. McCarron and W. J. Hawley and Helen R. Trotter are barred of any claim in and to the fund and that the fund be awarded to the defendant, Mary Trotter; that the bank be acquitted and discharged of further liability to the defendant on account of the deposits with it of the money appearing in the name and account of Helen R. Trotter.

Appeal on questions of law is prosecuted to this court by J. W. McCarron and W. J. Hawley and Helen R. Trotter.

We have set forth rather fully the state of the pleadings and the fact that motions were made by the several answering claimants to the fund that judgment be rendered upon the pleadings in their behalf, respectively.

To justify a judgment on the pleadings it must be found that, taking all the averments as they stand, they present simply a question of law. **Rheinheimer v Aetna Life Ins. Co., 77 Oh St 360; Rush v The Sines Bros. & Co., 34 Oh Ap 38.**

The demurrer first filed by the defendant, McCarron, definitely challenged the right of the bank to interplead the defendants, and if this right did not exist as to any defendant there was a misjoinder of parties and the demurrer should have been sustained. This demurrer, having been overruled by the court, was carried into the answer of the defendants, McCarron and Hawley. The pleadings contain no reply to the so-called answer and cross bill of the defendant, Mary Trotter. There is likewise no reply to the answer of McCarron and Hawley. Although the bank's bill of interpleader alleges that Helen R. Trotter is claiming this fund, there is no denial by the bank of the allegation in the answer of McCarron and Hawley to the effect that Helen R. Trotter had assigned the account to McCarron and Hawley, in writing, and that a copy of such assignment had been furnished to the bank, and thereafter Helen R. Trotter had made no claim against the bank for the fund. Taking these averments as they stand, it is seen from the pleadings that Helen R. Trotter was making no claim to the fund at the time the court passed on the motions for judgment on the pleadings.

The bank's bill of interpleader alleges that this action has been brought without collusion with any of the claimants. This allegation is denied by the defendants, McCarron and Hawley, who allege in their answer that the plaintiff bank and the defendant Mary Trotter were at all times represented by the same attorneys, and that this proceeding has been instituted collusively for the purpose of obtaining jurisdiction over the defendant Helen R. Trotter, who is a resident of Cuyahoga County, Ohio, and for the purpose of alleging in this court an alleged claim of Mary Trotter against Helen R. Trotter. If the allegation in plaintiff's bill of interpleader to the effect that the action has been brought without collusion may be considered as a denial of the allegations upon this subject contained in the answer of McCarron and Hawley, then an issue was presented on this subject whereby the matter could not be determined upon motion for judgment on the pleadings.

We conclude, however, that the decision of this case depends not upon any issue arising from the contradictory allegations with reference to any collusion between the bank and Mary Trotter, and although it is claimed that proper inferences may be drawn from the fact that the bank and Mary Trotter are represented by the same counsel, we express no opinion thereon other than to say that we have great respect for and confidence in the integrity of counsel referred to.

Considering all of the pleadings in this case, we arrive at the conclusion that they present simply a question of law, that question being the right of the bank to equitable interpleader under the facts disclosed by

those pleadings. We think it clearly appears, not only from the allegations of plaintiff's bill of interpleader, but from the answers filed by Mary Trotter and McCarron and Hawley, that the bank in accepting a deposit from Helen R. Trotter and opening a savings account in her name, in that bank, and issuing to her its savings deposit book thereby created a distinct and independent liability to Helen R. Trotter, whereby the plaintiff was prevented from standing entirely indifferent between the alleged claimants to this fund, and because of which the bank had not the right to interplead its depositor with one claiming a paramount title to the fund, as distinguished from one whose claim is derivitive from the depositor after the independent liability arose. We have here no question as to the right of equitable interpleader under proper circumstances and we do not doubt that the equitable action of interpleader which was recognized by the chancery courts prior to the adoption of our Code provisions therefor still exists, and that our Code provisions are simply supplementary thereto. But it is likewise clear to this court that one who seeks to avail himself of the equitable action of interpleader must bring himself within the right thereto according to the principles and rules recognized and established by courts of chancery entertaining jurisdiction of such actions.

In **State v Guaranty Co., 107 Oh St 9,** the Supreme Court of Ohio had under consideration a petition in interpleader, and, at page 16 of the opinion in that case, the court cites with approval 4 Pomeroy's Equity Jurisprudence (4 ed.), §1322, as follows:

"From the description given in a previous paragraph, and from the whole course of authorities, it is clear that the equitable remedy of interpleader, independent of recent statutory regulations, depends upon and requires the existence of the four following elements, which may be regarded as its essential conditions:

"1. The same thing, debt or duty must be claimed by both or all the parties against whom the relief is demanded.

"2. All their adverse titles or claims must be dependent, or to be derived from a common source.

"3. The person asking the relief—the plaintiff—must not have nor claim any interest in the subject matter;

"4. He must have incurred no independent liability to either of the claimants; that is, he must stand perfectly indifferent between them, in the position merely of stakeholder. As the original equitable jurisdiction is founded, to great extent, upon these four propositions, I shall examine them separately."

We further quote from 4 Pomeroy's Equity Jurisprudence (4 ed.), §1326, as follows:

"The party seeking the relief must have incurred no independent liability to either of the claimants. Such an independent liability may be incurred in two classes of cases. 1. In the first place the agent depositary, bailee, or other party demanding an interpleader, in his dealings with one of the claimants, may have expressly acknowledged the latter's title, or may have bound himself by contract, so as to render himself liable upon such independent undertaking, without reference to his possible liability to the rival claimant upon the general nature of the entire transaction. Under these circumstances, as the plaintiff is liable at all events to one of the defendants, whatever may be their own respective claims upon the subject matter as between themselves, he cannot call upon these defendants to interplead. He does not stand indifferent between the claimants, since one of them has a valid legal demand against him at all events. Even if the acknowledgment or promise has been obtained by fraud or mistake, the right of the party thus deceived to be relieved in equity from his liability cannot be considered and sustained in an interpleader suit. * * *."

The same principle is set forth in §1473 of 4 Pomeroy's Equity Jurisprudence (4 ed.), to the effect that if a plaintiff has bound himself by a contract so as to render himself liable upon an independent undertaking, without reference to his possible liability to a rival claimant upon the general nature of the entire transaction, the action of equitable interpleader does not lie.

"Under these circumstances, as the plaintiff is liable at all events to one of the defendants, whatever may be their own respective claims upon the subject matter as between themselves, he cannot call upon these defendants to interplead. He does not stand indifferent between the claimants, since one of them has a valid legal demand against him at all events. Even if the acknowledgment or promise has been obtained by fraud or mistake, the right of

the party thus deceived to be relieved in equity from his liability cannot be considered and sustained in an interpleader suit."

A case apparently identical with that under consideration here is found in Atlantic City National Bank v Thompson et, Court of Chancery of New Jersey, 82 N. J. Eq., 111, 27 Atl. 636, from which we quote the syllabus:

"A bank which received a note from a depositor for collection for the latter's use, and which enters the note in her individual passbook for collection and credits it to her account, thereby creates the relation of bailor and bailee between the depositor and the bank, and the bank may not interplead her with one claiming the fund by paramount title."

In support of the syllabus above quoted, the court cites the case of The First National Bank of Morristown v Bininger, 26 New Jersey Eq., 345, and the case of Third National Bank of Boston v Skillings, 132 Mass. 410.

From the case of Runkles, Admr. v Runkles, Admr. et, Supreme Court of Appeals of Virginia, 72 SE 695, we quote the syllabus:

"1. Code 1904 §2998, providing for a summary proceeding by interpleader in a pending action, does not enlarge the rule governing bills of interpleader, but merely furnishes a special cumulative and concurrent remedy without limiting or affecting the equitable jurisdiction by bill of interpleader.

'2. A bank coming into possession of money as debtor to or bailee of the estate of a deceased wife may not maintain a bill of interpleader against her administrator and against the administrator of the deceased husband, both claiming the money, because of its independent liability as debtor or bailee, and because of want of privity between the two claimants under the rule that the equitable remedy of interpleader independent of statute is dependent on the existence of four elements * * * he must not have incurred an independent liability to either of the claimants."

To the same effect are the cases of German Savings Bank of City of New York v Friend et, 20 N. Y. S. 434; and Fulton Bank of Brooklyn v Chase et, 6 N. Y. S. 126.

From a reading of the cross petition of the defendant, Mary Trotter, it is clear to this court that she had no independent action against the bank, and the plaintiff was in no danger of liability upon any action which Mary Trotter might have instituted against the bank because there was no privity of contract and no independent liability of the bank to Mary Trotter.

Our attention is called to the statement of Marshall, C. J., in the opinion in the case of Waters v Corlett, Admrx. et, 123 Oh St 632, at p. 634, wherein the following language is used:

"It has likewise been held that interpleader is of equitable cognizance. It may be invoked in any and all cases where a person does not claim title or interest for himself, and asks the direction of the court as to which of two claimants has superior rights. It has been so declared in First National Bank of Cadiz v Beebe, 52 Oh St 41; 56 NE 485."

This statement of the Chief Justice must be read in connection with all that he has otherwise said in the opinion, from which we gather, as stated at p. 633, that neither of the claimants in the case there under consideration was asking any relief against the other. At p. 635 of the opinion the Chief Justice says:

"Neither of the claimants owed any duty or obligation to the other. Neither had any right which could be asserted against the other prior to the filing of the interpleader and the payment of the money into court. * * * If the insurance company had kept the money, either might have maintained a suit at law against the insurance company in an effort to recover. If the insurance company had paid the money to either, no action at law could have been brought against that one by the other. Such an action at law could only have been brought against the insurance company, and payment by the insurance company to the wrong claimant would have been · no defense to a suit brought by the rightful claimant."

But, in the case at bar, no action was or could have been brought by Mary Trotter against the bank to recover the deposit. Mary Trotter was at liberty to pursue her separate action against Helen R. Trotter in any court having jurisdiction. Indeed, from knowledge which we have from an action disposed of here upon appeal of law at a former term, Mary Trotter attempted to file in the Common Pleas Court of Mahoning

County an action against Helen R. Trotter, wherein she named the bank as defendant and sought ancillary relief by way of injunction against the bank. The Common Pleas Court dismissed that action against Helen R. Trotter because she was not amenable to the jurisdiction of that court in Mahoning County. This court sustained the judgment of the Common Pleas Court. (55 Oh Ap 198, 24 Abs 25). On motion, the Supreme Court refused to order the record in that case certified.

We make reference to this previous action solely by way of setting forth the reason for the rule in chancery which denies the right of equitable interpleader where the bank has incurred a distinct and independent primary obligation and liability to its depositor, except as between the depositor and another or others claiming under such depositor. The rule recognizes the right to interplead various persons whose titles are connected by being derived from a common source, who claim the same thing from a third person. Such was the situation in Bankers Life Co. v Waters et, 123 Oh St 632. We also refer to the opinion of the Court of Appeals in Bankers Life Co. v Waters et, 39 Oh Ap 343 (8 Abs 742), wherein it is stated:

"Interpleader is peculiarly an equitable remedy where various persons, whose titles are connected by being derived from a common source, claim the same thing from a third person."

But where a title paramount to that under which a party consented to receive property is asserted, he cannot cause the one to whom he has incurred a distinct and independent liability to interplead with the other who claims under a paramount title.

See Fairbanks v Belknap, 135 Mass. 179, at pp. 184 and 185, where it is stated:

"A bill of interpleader certainly cannot be filed so as to make a person a party thereto in respect to whom the plaintiff has put himself in such a position that he is not authorized to dispute his title."

See also 33 C. J., 434, where it is stated:
"When there is no privity between claimants, where their titles are independent, not derived from a common source, but each asserted as wholly paramount to the other, the stakeholder is obliged in the language of the authorities, to defend himself as well as he can against each separate demand. Thus, the holder or claimant of a paramount and adverse title cannot be brought in to interplead by * * * a bank with a depositor nor by a bailee with his bailor."

It seems apparent that Mary Trotter could have filed her action against Helen R. Trotter in Cuyahoga County, wherein Helen R. Trotter resides, and if she had instituted such action timely she might have made the bank defendant for the purpose of obtaining such ancillary relief as would have been effective to tie up the funds in the bank before it parted with the same or others had obtained superior rights thereto.

Under the allegations of the pleadings in this case it is apparent that the bank recognized its primary obligation and liability to Helen R. Trotter, and that it does ask for affirmative relief in the prayer to its bill of interpleader, wherein it seeks to have the court order that the passbook issued by it to Helen R. Trotter be surrendered to plaintiff for cancellation.

It is the conclusion of this court that error intervened in the Common Pleas Court to the prejudice of appellants, wherein that court overruled the demurrer of the defendants, McCarron and Hawley, and wherein that court found in favor of Mary Trotter and awarded the fund to her upon her motion for judgment on the pleadings.

But from all we have said, it appears that the action was rightfully brought by the bank as against Helen R. Trotter and J. W. McCarron and W. J. Hawley, partners; and since Helen R. Trotter has been duly served with summons and has filed no claim to the fund, and since there is no denial of the allegations of the answer of McCarron and Hawley to the effect that the account opened by the bank with and in the name of Helen R. Trotter has been assigned and transferred to them by her, in writing, and there being nothing in the record to the contrary, it follows that the judgment of the Common Pleas Court should have been for the said J. W. McCarron and W. J. Hawley, partners, upon the undisputed facts set forth in the pleadings of all parties properly interpleaded in this action. And the court now coming to render the judgment which should have been rendered in the lower court, orders that the fund deposited by the bank with the clerk of the Common Pleas Court be delivered and paid over to J. W. McCarron and W. J. Hawley, partners, after first paying therefrom the

costs of this action, and upon such payment it is ordered that the passbook issued by the bank to Helen R. Trotter and assigned by her to J. W. McCarron and W. J. Hawley be surrendered to plaintiff and plaintiff released from all liability thereon.

Judgment reversed and judgment entered as herein set forth.

ROBERTS, PJ, and CARTER, J, concur.